IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EXXON MOBIL CORPORATION, | ) |
| Plaintiff, | ) Case No. 3:16-cv-2921 |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## UNITED STATES' ANSWER

The United States of America responds to the Plaintiff's complaint as follows:

### NON-ENUMERATED PARAGRAPH

The United States asserts that the introductory paragraphs of the complaint merely set forth Plaintiff's characterization of the action and thus require no response. To the extent a response is required, the United States admits generally that Plaintiff and its affiliates are engaged in the oil and gas industries; admits that the IRS disallowed Plaintiff's claims for refunds for tax years 2006 – 2009, which were based on Plaintiff's improper attempt to change the accounting of certain transactions to "purchases" and disallowed Plaintiff's claims for 2008 – 2009, which were based on including certain excise taxes in Plaintiff's costs of goods sold, that Plaintiff did not pay; and denies that Plaintiff is entitled to any refund.

### ENUMERATED PARAGRAPHS

The United States answers the enumerated allegations in Plaintiff's complaint as follows:

1. Admits.

2. Admits as correct as of the time of filing of the complaint.

    3.    Is not currently aware of any impediment to this Court's jurisdiction over this dispute but denies the remaining allegations of paragraph 3.

    a.    Admits that Exxon Mobil timely filed its income tax returns for the 2006, 2007, 2008, and 2009 tax years and paid tax and interest in the amounts indicated, as of December 28, 2016, and that there is currently no balance due on those tax years.

    b.    Admits ExxonMobil timely filed Form 1120X for the 2006 tax year claiming a refund of federal income tax of $264,720,803 plus statutory interest. The remaining allegations of paragraph 3(b) are denied.

    c.    Admits ExxonMobil filed Form 1120X for the 2007 tax year claiming a refund of federal income tax of $297,976,031 plus statutory interest. The remaining allegations of paragraph 3(c) are denied.

    d.    Admits ExxonMobil filed Form 1120X for the 2008 tax year claiming a refund of federal income tax of $652,852,400 plus statutory interest. The remaining allegations of paragraph 3(d) are denied.

    e.    Admits ExxonMobil filed Form 1120X for the 2009 tax year claiming a refund of federal income tax of $138,971,996 plus statutory interest. The remaining allegations of paragraph 3(e) are denied.

    f.    Admits.

    g.    Is not aware of any impediment to this Court's jurisdiction over this dispute. The remaining allegations are statements of Plaintiff's understanding of jurisdictional requirements not requiring a response.

4.      Admits venue is proper in the Northern District of Texas. The remaining allegations are statements of Plaintiff's understanding of venue requirements not requiring a response.

5.      Admits that Plaintiff purported to file consolidated returns for 2006 – 2009; however, the United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 5.

6.       Admits the first sentence of paragraph 6, but lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence.

7.      Paragraph 7 is Plaintiff's statement of its understanding and characterization of a portion of the Internal Revenue Code not requiring a response.

8.      Paragraph 8 is Plaintiff's statement of its understanding and characterization of certain legal filing requirements not requiring a response; additionally, Plaintiff's statement is too vague to allow a specific response.  To the extent a response is required, admits that a Form 720 is generally used for some excise taxes.

9.      The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9.

10.     Paragraph 10 is Plaintiff's statement of its characterization of Congressional intent and law not requiring a response.

11.     Paragraph 11 is Plaintiff's statement of its understanding of how to calculate the Alcohol Fuel Credit not requiring a response; additionally, Plaintiff's statement, without citation, is too vague for a specific response.

12.     Paragraph 12 is Plaintiff's statement of its understanding and characterization of portions of the Internal Revenue Code not requiring a response.

13. Paragraph 13 is Plaintiff's statement of its understanding and characterization of portions of the Internal Revenue Code not requiring a response.

14. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of paragraph 14. With regard to the second sentence, the United States admits that EMOC submitted Forms 720 with amounts listed on line 12(a) of Schedule C that sum to the amounts alleged.

15. Paragraph 15 is Plaintiff's statement of its understanding and characterization of portions of the Internal Revenue Code not requiring a response.

16. The first sentence is legal argument not requiring response. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 16.

17. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17.

18. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18.

19. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19.

20. The first sentence is legal argument not requiring response. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 20.

21. Paragraph 21 is Plaintiff's statement of its understanding and characterization of portions of the Internal Revenue Code Regulations not requiring a response.

22. Paragraph 22 is legal argument not requiring a response.

23. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23.

24. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24.

25. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25.

26. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26.

27. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27.

28. The first sentence is legal argument not requiring response. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 28.

29. Paragraph 29 is Plaintiff's statement of its understanding and characterization of portions of the Internal Revenue Code Regulations not requiring a response.

30. Paragraph 30 is legal argument not requiring a response.

31. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 31.

32. The United States incorporates, by reference, its responses to the allegations in the above paragraphs in response to Plaintiff's incorporation of its allegations in paragraph 32.

33. Denied.

34. Admits that ExxonMobil is seeking a refund of an alleged overpayment. The other allegations of paragraph 34 are denied.

35. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 35.

36. The United States incorporates, by reference, its responses to the allegations in the above paragraphs in response to Plaintiff's incorporation of its allegations in paragraph 36.

37. Denied.

38. Admits that ExxonMobil is seeking a refund of an alleged overpayment. The other allegations of paragraph 38 are denied.

39. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 39.

40. The United States incorporates, by reference, its responses to the allegations in the above paragraphs in response to Plaintiff's incorporation of its allegations in paragraph 40.

41. Denied.

42. Admits that ExxonMobil is seeking a refund of an alleged overpayment. The other allegations of paragraph 42 are denied.

43. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 43.

44. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 44.

**ADDITIONAL DEFENSE**

The changes contained in the Amended Income Tax Returns (Form 1120) for the 2006, 2007, 2008, and 2009 tax years, related to the treatment of certain Development Fiscal Agreements and Production Sharing Contracts, constitute a change in Exxon's method of accounting. Taxpayers may not implement a change of accounting method by filing amended

returns and are, instead, required to first seek and obtain the Commissioner's consent pursuant to 26 U.S.C. § 446(e). Pursuant to Section 446(e), even if the new method to which Exxon seeks to change were permissible (it is not), Exxon must abandon the new method contained in the amended returns and account for these transactions using the long-standing method contained in the original returns.

### PRAYER FOR RELIEF

No response is necessary as to the remainder of the Complaint because it is a prayer for relief. The United States denies all allegations not otherwise specifically admitted, qualified or denied. The United States respectfully requests that the plaintiff take nothing from this suit and that the United States be awarded costs and such other appropriate relief.

Respectfully submitted,

JOHN R. PARKER
United States Attorney

*s/ Cory A. Johnson*
CORY A. JOHNSON
Senior Litigation Counsel
Tax Division
U.S. Department of Justice
P.O. Box 26
Washington, D.C. 20044
202-307-3046
202-514-9440 (FAX)
Cory.A.Johson@usdoj.gov

JONATHAN L. BLACKER
JOSHUA D. SMELTZER
Trial Attorneys, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
214-880-9765/9735 (v)
214-880-9741/9742/9774 (f)
Jonathan.Blacker2@usdoj.gov
Joshua.D.Smeltzer@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that the foregoing UNITED STATES' ANSWER was electronically filed on February 6, 2017, via the Court's ECF system, which will send notification of such filing to all counsel of record.

/s/ Cory A. Johnson
CORY A. JOHNSON
