IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, | ) | |
| | ) | Case No. 3:16-cv-2921-N |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SUPPLEMENTAL
COMPLAINT**

Defendant, the United States of America, through its attorneys, pursuant to the Court's order dated December 1, 2017, hereby responds to plaintiff's, Exxon Mobil Corporation's, First Supplemental Complaint in the above-captioned case. Defendant respectfully denies each and every allegation that is not specifically admitted below.

With respect to the unnumbered introductory paragraphs on pages one to two of the First Supplemental Complaint, defendant states that the statement is in violation of Fed. R. Civ. P. 8(a)'s requirement for a short and plain statement. More importantly, the allegations are either a purported summary of plaintiff's original complaint or are reiterated in the numbered paragraphs of the First Supplemental Complaint. No further response to the allegations in the original complaint are necessary. To the extent that the summary is reiterated in the numbered paragraphs of the Supplemental Complaint, defendant's specific responses below apply. To the extent that they are statements of law or legal conclusions not found in the numbered paragraphs below, defendant states that no response is required at this time. Defendant denies that plaintiff is entitled to relief on any of the grounds asserted.

## I.      Parties

1.      Admits.

## II.      Jurisdiction and Venue

2.      States that this paragraph is a legal conclusion to which no response is required, but defendant does not dispute plaintiff's assertion that the Court has jurisdiction over Plaintiff's First Supplemental Complaint. Defendant denies that any penalties or sums were erroneously or illegally assessed or collected.

      a.      Admits that the IRS sent a Letter 4143-C dated July 7, 2016. States that it lacks knowledge or information sufficient to form a belief regarding whether or not plaintiff signed and filed the Form 5838-EC. States that plaintiff sent two letters regarding the application of a deposit made on November 19, 2014, to pay for the § 6676 penalty: one dated July 12, 2016, and a second dated July 20, 2016.

      b.      Admits.

      c.      Admits.

      d.      Admits.

      e.      Admits.

      f.      Admits.

      g.      Admits.

      h.      Admits.

      i.      Admits.

      j.      Admits.

      k.      Admits.

l.      Admits that plaintiff filed a third Form 843 for 2006 claiming a refund of penalties of $52,944,161 plus statutory interest, but states that the IRS received the form on May 15, 2017.

m.      Admits that plaintiff filed a third Form 843 for 2007 claiming a refund of penalties of $59,595,206 plus statutory interest, but states that the IRS received the form on May 15, 2017.

n.      Admits that plaintiff filed a third Form 843 for 2008 claiming a refund of penalties of $81,771,720 plus statutory interest, but states that the IRS received the form on May 15, 2017.

o.      Admits that plaintiff filed a third Form 843 for 2009 claiming a refund of penalties of $13,215,459 plus statutory interest, but states that the IRS received the form on May 15, 2017. Admits that the Forms 843 for 2006 – 2009 received by the IRS on May 15, 2017, are referred to by plaintiff collectively as the "Third Penalty Refund Claim."

p.      Denies that the Third Penalty Refund Claim claimed a refund of interest. States that the First Penalty Refund Claim, in a footnote, claimed a refund of interest to the extent that IRS did not properly apply certain deposits to the payment of the § 6676 penalties.

q.      Admits.

r.      States that this is a legal conclusion to which no response is required.

s.      Admits.

3.      States that this is a legal conclusion to which no response is required, but states that it does not dispute that venue is proper.

### III.    Background[1]

4.    States that this is a statement of law to which no response is required.

5.    Denies.

6.    With respect to the first sentence, defendant admits that plaintiff filed refund claims, but denies that plaintiff filed the claims on the asserted dates. With respect to the remainder of the paragraph, defendant denies that the claims have a reasonable basis and that the § 6676 penalties do not apply.

7.    Defendant lacks knowledge or information sufficient to form a belief regarding the first sentence, because it is ambiguous. Defendant denies that the IRS failed to obtain approval for penalties under Section 6751(b)(1).

8.    States that this is legal argument to which no response is required.

9.    Denies the first sentence to the extent inconsistent with the cited I.R.M. section. The remainder is argument to which no response is required.

10.    Admits that plaintiff sent two letters regarding the application of a deposit made on November 19, 2014, to pay for the § 6676 penalty: one dated July 12, 2016, and a second dated July 20, 2016. Defendant further states that no interest was assessed on the § 6676 penalties.

### IV.    Claims for Relief

### Count I—Section 6676 Penalties

11.    Defendant incorporates by reference its responses stated in the paragraphs above.

12.    Denies.

---

[1] States that plaintiff's characterization of its tax refund claims, on which the original complaint is based and are referred to in paragraphs 5, 6, 8, 9 and 12 of the First Supplemental Complaint, as "Purchase Refund Claims," is a legal argument, and denies that the characterization is proper.

13.     Admits that plaintiff seeks the recovery of the Section 6676 penalties paid for the Disputed Tax Years and any interest accrued thereon and collected from plaintiff. Denies that the penalties, assessment or collection, and any interest accrued thereon, were erroneous, illegal, or without authority by the IRS.

14.     States that it lacks knowledge or information sufficient to form a belief regarding this paragraph.

**V.      Conditions Precedent**

15.     States that it lacks knowledge or information sufficient to form a belief regarding this paragraph.

**VI.      Prayer for Relief**

WHEREFORE, defendant prays that this Court enter judgment in favor of defendant on Plaintiff's First Supplemental Complaint, and on the Original Complaint, and provide defendant all other relief to which it is entitled.

Respectfully submitted,

JOHN R. PARKER
United States Attorney

 /s/ *Cory A. Johnson*
CORY A. JOHNSON
Senior Litigation Counsel
U.S. Department of Justice
P.O. Box 26
Washington, D.C. 20044
202-307-3046 (v)
202-514-9440 (f)
Cory.A.Johson@usdoj.gov

JONATHAN L. BLACKER
JOSHUA D. SMELTZER
Trial Attorneys, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201

214-880-9765/9735 (v)
214-880-9741/9742/9774 (f)
Jonathan.Blacker2@usdoj.gov
Joshua.D.Smeltzer@usdoj.gov

BLAINE G. SAITO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 26
Washington, D.C. 20044
202-353-7125 (v)
202-514-9440 (f)
Blaine.G.Saito@usdoj.gov

Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendant's Response to Plaintiff's First Supplemental Complaint was electronically filed via the Court's ECF system, on this 16th day of January 2018, which will send notification of such filing to all counsel of record.


*/s/ Cory A. Johnson*
CORY A. JOHNSON