## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

EXXON MOBIL CORPORATION,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant.

CIVIL ACTION NO. 3:16-cv-2921-N

## DECLARATION OF WILLIAM M. KATZ, JR.

1.     My name is William M. Katz, Jr.  I am of legal age and otherwise competent to make this declaration.  I am a partner at Thompson & Knight LLP ("T&K"), and I am counsel of record in this case for Plaintiff Exxon Mobil Corporation ("ExxonMobil").

2.     I am submitting this declaration in support of ExxonMobil's Motion to Compel Disclosures.  All of the facts stated in this declaration are true and correct and are based on my personal knowledge.  I acquired my personal knowledge during the course and scope of my work as counsel of record for ExxonMobil, including through my review of various ExxonMobil documents and discovery related to this lawsuit and my participation in the written and oral communications discussed herein.

3.     I have personal knowledge of communications between ExxonMobil and the United States of America ("Defendant") in this lawsuit, including letters and emails exchanged between the parties' counsel, which I have drafted, sent, received, or reviewed.

4.     Attached to this declaration are true and correct copies of the following documents:

    **Exhibit 1-A**:     Defendant's March 21, 2017 Letter

    **Exhibit 1-B**:     ExxonMobil's Initial Disclosures (March 21, 2017)

**Exhibit 1-C**:    ExxonMobil's First Amended Initial Disclosures (April 27, 2018)

**Exhibit 1-D**:    ExxonMobil's Second Amended Initial Disclosures (May 24, 2018)

**Exhibit 1-E**:    ExxonMobil's Third Amended Initial Disclosures (October 22, 2018)

**Exhibit 1-F**:    ExxonMobil's October 15, 2018 Letter

**Exhibit 1-G**:    Defendant's October 22, 2018 Letter

5.    ExxonMobil has produced over 456,000 pages of documents to Defendant in this lawsuit.  These documents were produced to Defendant on the following dates:  April 21, 2017; July 24, 2017; September 21, 2017; October 2, 2017; October 31, 2017; December 1, 2017; December 6, 2017; December 20, 2017; January 8, 2018; February 1, 2018; February 26, 2018; March 16, 2018; April 16, 2018; April 18, 2018; May 8, 2018; May 18, 2018; June 8, 2018; June 22, 2018; July 9, 2018; August 2, 2018; August 20, 2018; August 15, 2018; August 24, 2018; October 19, 2018; and October 22, 2018.

6.    ExxonMobil has responded to at least 27 interrogatories served by Defendant. Indeed, when counting discrete subparts under Rule 33(a)(1), the actual number of interrogatories to which ExxonMobil has responded far exceeds 27.  ExxonMobil has also supplemented its responses to these interrogatories as required by the Rules and voluntarily responded to a multitude of follow-up questions.

7.    ExxonMobil has responded to 110 requests for admission.

8.    Defendant has produced over 118,000 pages of documents.

9.    The discovery period in this matter closes on January 29, 2019.  ExxonMobil must begin deposing witnesses promptly to ensure that its required discovery is completed by the end of the discovery period.  ExxonMobil obviously cannot depose witnesses who have not been identified by Defendant.  ExxonMobil also needs to know if there are any other categories of documents that it must request from Defendant before the discovery period closes.

**DECLARATION OF WILLIAM M. KATZ, JR. — Page 2**

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas, Texas, on November 6, 2018

_____
William M. Katz, Jr.

# EXHIBIT 1-A



**U.S. Department of Justice**

**Tax Division**

*717 N. Harwood*    *Main Line: 214-880-9721*
*Dallas, Texas 75201*  *Attorney's Direct Line: 202-307-3046*
*Suite 400*          *Fax: 214-880-9741/9774*

DAH:GH:CAJohnson
DJ 5-73-22415
CMN 2017100142

March 21, 2017

*Via Email*

Emily A. Parker
Thompson & Knight LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201

       Re:    *Exxon Mobil Corp. v. United States*
                <u>No. 3:16-cv-02921; N.D. TX</u>

Dear Emily:

      Pursuant to FRCP 26(a)(1)(A), this is to advise you that we have copies of certain documents which Exxon Mobil provided to the IRS during audit that we may use to support our defenses in this case. These include Forms 720, agreements concerning the Malaysian and Qatari transactions, and IDR responses. We also have tax returns and certified transcripts of account for the tax years at issue.

      Additionally, although we do not yet know the identity of individuals likely to have discoverable information that we may use to support our defenses, we believe that employees or former employees of Exxon Mobil and the entities and counter-parties involved in the Malaysian and Qatari transactions may have such information. We anticipate that discovery will reveal those individuals.

      Please do not hesitate to call me if you wish to discuss this further.

                Sincerely yours,

                *s/ Cory A. Johnson*

                CORY A. JOHNSON
                Senior Litigation Counsel

**EXHIBIT**
1-A

- 2 -

cc:   Jonathan Blacker
      Joshua Smeltzer
      Kevin Kenworthy
      Bill Katz
      Mary McNulty
      Meghan Nylin
      George Hani

# EXHIBIT 1-B

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

EXXON MOBIL CORPORATION,

   Plaintiff,

v.              CIVIL ACTION NO. 3:16-cv-2921-N

UNITED STATES OF AMERICA,

   Defendant.

## EXXON MOBIL CORPORATION'S INITIAL DISCLOSURES

Exxon Mobil Corporation ("ExxonMobil") makes these initial disclosures to the United States of America ("Defendant") in accordance with Federal Rule of Civil Procedure 26(a)(1).

**A.** **The name and, if known, the address and telephone number of each individual likely to have discoverable information, along with the subjects of that information, that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

  1.  Stuart McGill
    Former President of ExxonMobil Gas & Power Marketing Company and Former Managing Director of Esso Production Malaysia, Inc.
    c/o Emily A. Parker
    Thompson & Knight LLP
    1722 Routh St., Suite 1500
    Dallas, Texas 75201
    (214) 969-1700

    Mr. McGill was the President of ExxonMobil Gas & Power Marketing Company and has knowledge regarding the liquefied natural gas ("LNG") operations in Qatar under various Development and Fiscal Agreements and Joint Venture Agreements between ExxonMobil (or its subsidiaries and affiliates) and the State of Qatar and Qatar Petroleum Company.  Mr. McGill was also formerly the Managing Director of Esso Production Malaysia, Inc. and has knowledge regarding petroleum operations under various Production Sharing Contracts in Malaysia and regarding ExxonMobil's (or its subsidiaries and affiliates') historical operations in Malaysia.  Mr. McGill was involved in the decision to build the Terengganu Crude Oil Terminal in Malaysia.

**EXHIBIT**

**1-B**

2.    Ron Billings
Former Vice President, LNG for ExxonMobil Gas & Power Marketing Company
c/o Emily A. Parker
Thompson & Knight LLP
1722 Routh St., Suite 1500
Dallas, Texas 75201
(214) 969-1700

Mr. Billings was the Vice President, LNG for ExxonMobil Gas & Power Marketing Company and has knowledge regarding the LNG operations in Qatar under various Development and Fiscal Agreements and Joint Venture Agreements between ExxonMobil (or its subsidiaries and affiliates) and the State of Qatar and Qatar Petroleum Company. Mr. Billings further has knowledge regarding the negotiation and implementations of various LNG-related agreements involving ExxonMobil (or its subsidiaries and affiliates) in Qatar.

3.    Steven Kane
Treasurer, ExxonMobil Upstream Ventures
c/o Emily A. Parker
Thompson & Knight LLP
1722 Routh St., Suite 1500
Dallas, Texas 75201
(214) 969-1700

Mr. Kane is a Treasurer for ExxonMobil Upstream Ventures. During the relevant time period, Mr. Kane served as a Senior Finance Manager. Mr. Kane has knowledge regarding the financing of the LNG projects involving ExxonMobil (or its subsidiaries and affiliates) in Qatar. Mr. Kane also has knowledge regarding the Qatar LNG value chain.

4.    Liam Mallon
President of ExxonMobil Development Company; Former Executive Chairman and Executive Director of Esso Malaysia Bhd.
c/o Emily A. Parker
Thompson & Knight LLP
1722 Routh St., Suite 1500
Dallas, Texas 75201
(214) 969-1700

Mr. Mallon was the Executive Chairman and Executive Director in Malaysia during the negotiation of the 2008 Production Sharing Contract. Mr. Mallon has knowledge regarding petroleum operations under various Production Sharing Contracts, the Main Principles Agreement, and related documents in Malaysia and regarding ExxonMobil's (or its subsidiaries and affiliates') historical operations in Malaysia.

**EXXON MOBIL CORPORATION'S INITIAL DISCLOSURES - Page 2**

5.      Paul Sibal
Chief Process Engineer, ExxonMobil Production Company
c/o Emily A. Parker
Thompson & Knight LLP
1722 Routh St., Suite 1500
Dallas, Texas 75201
(214) 969-1700

Mr. Sibal is the Chief Process Engineer for Upstream and, in that role, is responsible for the long-term technical health of a project from the processing perspective. Mr. Sibal formerly served as the Surveillance and Reliability Manager in Production. Mr. Sibal has knowledge regarding LNG operations in Qatar involving ExxonMobil (or its subsidiaries and affiliates), as well as LNG technology and the value added by the post-extraction processing of natural gas to convert it into LNG in Qatar.

The persons identified in Defendant's Initial Disclosures may be included as persons whom ExxonMobil may use to support its claims in this lawsuit. ExxonMobil reserves the right to identify other persons or other subjects of information as discovery proceeds.

**B.    A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

The following documents may be used by ExxonMobil to support its claims and will be provided within a reasonable time after service of these disclosures, after entry of an appropriate protective order and Rule 502 order:

1.      ExxonMobil's consolidated Form 1120 U.S. Corporation Income Tax Return for taxable years 2006 through 2010;

2.      ExxonMobil's Form 1120X Amended U.S. Corporation Income Tax Return ("Form 1120X") for taxable years 2006 through 2009;

3.      Exxon Mobil Oil Corporation's Form 720 Quarterly Federal Excise Tax Return for each quarter of taxable years 2008 and 2009;

4.      Correspondence with, and documents provided to, the Internal Revenue Service ("IRS") regarding the issues described in ExxonMobil's Complaint and the Answer filed by the United States;

5.      The contractual agreements, including but not limited to Production Sharing Contracts and Joint Operating Agreements, between ExxonMobil (or its subsidiaries and affiliates) and Petroliam Nasional Berhad ("Petronas") and/or Petronas Carigali SDN BHD ("Carigali") related to ExxonMobil's (or its subsidiaries and affiliates') exploration, development, production, transportation,

**EXXON MOBIL CORPORATION'S INITIAL DISCLOSURES - Page 3**

processing, storage and marketing of crude oil and natural gas (and their products) in Malaysia;

6. The contractual agreements, including but not limited to the Development and Fiscal Agreements and Joint Venture Agreements, between ExxonMobil (or its subsidiaries and affiliates) and State of Qatar, Qatar Petroleum, Qatar General Petroleum Corporation, and/or any of the joint ventures formed pursuant to the Joint Venture Agreements related to ExxonMobil's (or its subsidiaries and affiliates') exploration, development, production, transportation, processing, storage and marketing of condensate and LNG in Qatar;

7. Financing documents referring to or reflecting capital investments made in Qatar under the various Development and Fiscal Agreements and Joint Venture Agreements;

8. Any economic models used to analyze the value expected to be derived by ExxonMobil (or its subsidiaries and affiliates) from the investments made in Qatar under the various Development and Fiscal Agreements and Joint Venture Agreements;

9. Any economic models used to analyze the value expected to be derived by ExxonMobil (or its subsidiaries and affiliates) from the investments made in Malaysia under certain Production Sharing Contracts;

10. Non-privileged internal memoranda, presentations, and accounting documents referring to or reflecting capital investments made under the various Development and Fiscal Agreements in Qatar, the value of the minerals up to, and including, the point of royalty calculation, and income from the sale of minerals and mineral products;

11. Non-privileged internal memoranda, presentations, and accounting documents referring to or reflecting capital investments made under the various Production Sharing Contracts in Malaysia, the value of the minerals up to, and including, the point of royalty calculation, and income from the sale of minerals and mineral products; and

12. Documents produced in discovery by any party.

ExxonMobil reserves the right to identify other documents disclosed during discovery by any party or documents it subsequently determines are relevant to disputed facts in this action.

**C. A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34, the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

ExxonMobil paid the total tax assessed for taxable years 2006 through 2009 as follows:

**EXXON MOBIL CORPORATION'S INITIAL DISCLOSURES - Page 4**

| Taxable Year | Tax Paid |
|---|---|
| 2006 | $3,695,187,422 |
| 2007 | $3,893,091,559 |
| 2008 | $1,741,428,305 |
| 2009 | $  139,912,688 |

By letter dated June 26, 2014, ExxonMobil timely submitted Form 1120X for 2006 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of federal income tax of $264,720,803 plus statutory interest.

By letter dated June 26, 2014, ExxonMobil timely submitted Form 1120X for 2007 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of federal income tax of $297,976,031 plus statutory interest.

By letter dated April 13, 2015, ExxonMobil timely submitted Form 1120X for 2008 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of federal income tax of $652,852,400 plus statutory interest.

By letter dated April 13, 2015, ExxonMobil timely submitted Form 1120X for 2009 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of federal income tax of $138,971,996 plus statutory interest.

ExxonMobil seeks damages in the amount of the total of the claims for refund made in Forms 1120X related to taxable years 2006 through 2009, or $1,354,521,230.00, plus statutory interest as allowed by law.

**D.     For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable.

**E.     The correct names of the parties to the action.**

ExxonMobil believes the parties are correctly named.

**EXXON MOBIL CORPORATION'S INITIAL DISCLOSURES - Page 5**

**F.   The name and, if known, address and telephone number of any potential parties to the action.**

None.

Dated: March 21, 2017

Respectfully submitted,

THOMPSON & KNIGHT LLP

By:  */s/ Emily A. Parker*                                    

      Emily A. Parker
      State Bar No. 15482500
      emily.parker@tklaw.com

      Mary A. McNulty
      State Bar No. 13839680
      mary.mcnulty@tklaw.com

      William M. Katz, Jr.
      State Bar No. 00791003
      william.katz@tklaw.com

      J. Meghan Nylin
      State Bar No. 24070083
      meghan.nylin@tklaw.com

1722 Routh Street, Suite 1500
Dallas, Texas  75201
 (214) 969-1700
FAX (214) 969-1751

MILLER & CHEVALIER, CHARTERED

      Kevin L. Kenworthy
      D.C. Bar No. 414887
      kkenworthy@milchev.com

      George A. Hani
      D.C. Bar No. 451945
      ghani@milchev.com

900 16th Street NW
Washington, D.C. 20006
(202) 626-5800
FAX (202) 626-5801

**ATTORNEYS FOR PLAINTIFF
EXXON MOBIL CORPORATION**

**EXXON MOBIL CORPORATION'S INITIAL DISCLOSURES - Page 7**

## CERTIFICATE OF SERVICE

I certify that on March 21, 2017, a true and correct copy of the foregoing document was served via First Class Mail and Certified Mail, Return Receipt Requested, on the following counsel of record:

CORY A. JOHNSON
Senior Litigation Counsel
U.S. Department of Justice
P.O. Box 26
Washington, D.C. 20044

JOHN R. PARKER
United States Attorney
JONATHAN L. BLACKER
JOSHUA D. SMELTZER
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201

**ATTORNEYS FOR THE UNITED STATES**

*/s/ J. Meghan Nylin*
J. Meghan Nylin

**EXXON MOBIL CORPORATION'S INITIAL DISCLOSURES - Page 8**

# EXHIBIT 1-C

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

EXXON MOBIL CORPORATION,

       Plaintiff,

v.

                                   CIVIL ACTION NO. 3:16-cv-2921-N

UNITED STATES OF AMERICA,

       Defendant.

## EXXON MOBIL CORPORATION'S FIRST AMENDED INITIAL DISCLOSURES

Exxon Mobil Corporation ("ExxonMobil") makes these first amended initial disclosures to the United States of America ("Defendant") in accordance with Federal Rule of Civil Procedure 26(a)(1).

**A.     The name and, if known, the address and telephone number of each individual likely to have discoverable information, along with the subjects of that information, that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

    1.     Stuart McGill
        Former President of ExxonMobil Gas & Power Marketing Company and Former Managing Director of Esso Production Malaysia, Inc.
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

        Mr. McGill was the President of ExxonMobil Gas & Power Marketing Company and has knowledge regarding the liquefied natural gas ("LNG") operations in Qatar under various Development and Fiscal Agreements and Joint Venture Agreements between ExxonMobil (or its subsidiaries and affiliates) and the State of Qatar and Qatar Petroleum Company.  Mr. McGill was also the Managing Director of Esso Production Malaysia, Inc. and has knowledge regarding petroleum operations under various Production Sharing Contracts in Malaysia and regarding ExxonMobil's (or its subsidiaries and affiliates') historical operations in Malaysia.  Mr. McGill was involved in the decision to build the Terengganu Crude Oil Terminal in Malaysia.

**EXXON MOBIL CORPORATION'S FIRST AMENDED INITIAL DISCLOSURES - Page 1**

EXHIBIT

1-C

2.       Ron Billings
Former Vice President, LNG for ExxonMobil Gas & Power Marketing Company
c/o Emily A. Parker
Thompson & Knight LLP
1722 Routh St., Suite 1500
Dallas, Texas 75201
(214) 969-1700

Mr. Billings was the Vice President, LNG for ExxonMobil Gas & Power Marketing Company and has knowledge regarding the LNG operations in Qatar under various Development and Fiscal Agreements and Joint Venture Agreements between ExxonMobil (or its subsidiaries and affiliates) and the State of Qatar and Qatar Petroleum Company. Mr. Billings further has knowledge regarding the negotiation and implementations of various LNG-related agreements involving ExxonMobil (or its subsidiaries and affiliates) in Qatar.

3.       Steven Kane
Treasurer, ExxonMobil Upstream Ventures
c/o Emily A. Parker
Thompson & Knight LLP
1722 Routh St., Suite 1500
Dallas, Texas 75201
(214) 969-1700

Mr. Kane is a Treasurer for ExxonMobil Upstream Ventures. During the relevant time period, Mr. Kane served as a Senior Finance Manager. Mr. Kane has knowledge regarding the financing of the LNG projects involving ExxonMobil (or its subsidiaries and affiliates) in Qatar. Mr. Kane also has knowledge regarding the Qatar LNG value chain.

4.       Liam Mallon
President of ExxonMobil Development Company
c/o Emily A. Parker
Thompson & Knight LLP
1722 Routh St., Suite 1500
Dallas, Texas 75201
(214) 969-1700

Mr. Mallon is the President of ExxonMobil Development Company. He was the Executive Chairman and Executive Director of Esso Malaysia Bhd. during the negotiation of the 2008 Production Sharing Contract. Mr. Mallon has knowledge regarding petroleum operations under various Production Sharing Contracts, the Main Principles Agreement, and related documents in Malaysia and regarding ExxonMobil's (or its subsidiaries and affiliates') historical operations in Malaysia.

**EXXON MOBIL CORPORATION'S FIRST AMENDED INITIAL DISCLOSURES - Page 2**

5.      Phil Dingle
        Former President, ExxonMobil Gas & Power Marketing Company and Former
        Chairman of Esso Production Malaysia, Inc.
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

        Mr. Dingle was the President of ExxonMobil Gas & Power Marketing Company
        and has knowledge regarding the LNG operations in Qatar under various
        Development and Fiscal Agreements and Joint Venture Agreements between
        ExxonMobil (or its subsidiaries and affiliates) and the State of Qatar and Qatar
        Petroleum Company.  Mr. Dingle also served as the Chairman of Esso Production
        Malaysia, Inc. and has knowledge regarding petroleum operations under various
        Production Sharing Contracts and related documents in Malaysia and regarding
        ExxonMobil's (or its subsidiaries and affiliates') historical operations in
        Malaysia.

6.      Paige Merkle
        Upstream Subject Matter Expert, Tax Reporting & Analysis Center, ExxonMobil
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

        Ms. Merkle is the Upstream Subject Matter Expert for the Tax Reporting &
        Analysis Center for ExxonMobil and, in that role, is responsible for providing
        general support and guidance to team members in the application of tax laws and
        filing requirements.  Ms. Merkle has responsibility for advising on tax return
        preparation and assisting the audit group with tax refund claim submissions, when
        needed.  Ms. Merkle has reviewed how the payments to the State of Qatar and to
        Petroliam Nasional Berhad ("Petronas") were originally reported on
        ExxonMobil's 2006-2009 U.S. tax returns and ExxonMobil's policies and
        procedures regarding preparation and filing of ExxonMobil's tax returns
        reflecting the transactions at issue in Qatar and Malaysia.  Ms. Merkle also has
        knowledge of the classification of assets as foreign oil and gas extraction income
        assets and foreign oil related income assets in Qatar and Malaysia and more
        generally and the policies and procedures underlying such classification.  Ms.
        Merkle also has knowledge regarding the model supporting the computations on
        which ExxonMobil's 2006-2009 claims for refund are based, including the
        computation of imputed interest on the payments to the State of Qatar and
        Petronas, cost recovery deductions, and the allocation of interest between U.S.
        and foreign source income to calculate limits on foreign tax credits.

**EXXON MOBIL CORPORATION'S FIRST AMENDED INITIAL DISCLOSURES - Page 3**

7.      Paul Sibal
        Chief Process Engineer, ExxonMobil Production Company
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

        Mr. Sibal is the Chief Process Engineer for ExxonMobil Production Company
        and, in that role, is responsible for the long-term technical health of the
        organization in process engineering.   Mr. Sibal formerly served as the
        Surveillance and Reliability Manager in ExxonMobil Production Company.  Prior
        to that time, he was the LNG Technology Supervisor and then the Gas
        Technologies Research Manager at Upstream Research Company.  Mr. Sibal has
        knowledge regarding gas and LNG production, natural gas liquids recovery, sour
        gas treating and sulfur recovery, LNG transportation and receiving terminal
        design and operation, and the LNG operations in Qatar involving ExxonMobil (or
        its subsidiaries and affiliates) in particular, including the LNG technology and the
        value added by the post-extraction processing of natural gas to convert it into
        LNG in Qatar.

8.      Ayob Yahaya
        Operations Facilities Engineering Advisor, ExxonMobil Exploration and
        Production Malaysia Inc. ("EMEPMI")
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

        Mr. Yahaya is an Operations Facilities Engineering Advisor for EMEPMI and, in
        that role, has been responsible for providing technical support for the operations
        of EMEPMI's offshore and onshore facilities in Malaysia.  Mr. Yahaya has
        historical and current knowledge regarding petroleum operations for the various
        upstream operations in Malaysia.

9.      David Norwood
        Production Controller, ExxonMobil
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

**EXXON MOBIL CORPORATION'S FIRST AMENDED INITIAL DISCLOSURES - Page 4**

Mr. Norwood is the Production Controller for ExxonMobil.  He served as the Controller for ExxonMobil Qatar in 2007 and as the Business Services Manager for ExxonMobil Qatar from 2008-2012.  In his roles as Controller and Business Services Manager, Mr. Norwood was responsible for the financial reporting of ExxonMobil's (or its subsidiaries and affiliates') activities in Qatar.  Mr. Norwood has knowledge regarding the transactions at issue in Qatar, including how the payments to the State of Qatar were reported on ExxonMobil's 2006-2009 financial books and ExxonMobil's policies regarding financial reporting for the transactions at issue in Qatar.

10.   Gey Teng Lee
      Tax Advisor, EMEPMI
      c/o Emily A. Parker
      Thompson & Knight LLP
      1722 Routh St., Suite 1500
      Dallas, Texas 75201
      (214) 969-1700

      Ms. Lee is a Tax Advisor for EMEPMI and, in that role, has been responsible for providing tax support on direct and indirect tax matters for the ExxonMobil affiliates in Malaysia. She currently leads the Goods and Service Tax reporting work for the Malaysian affiliates as well as Tax advisory support for the Malaysian Business Support Center and Chemical affiliate in Malaysia.

11.   Sri Halena Farid
      ExxonMobil Information Technology ("EMIT") Business Analysis and Reporting ("BAR") Billing Supervisor, ExxonMobil
      c/o Emily A. Parker
      Thompson & Knight LLP
      1722 Routh St., Suite 1500
      Dallas, Texas 75201
      (214) 969-1700

      Ms. Farid is the EMIT BAR Billing Supervisor for ExxonMobil.  Ms. Farid worked in the Joint Interest Petronas Coordination Group of EMEPMI from 2009 – 2014 and served as a Joint Interest & Petronas Coordination Supervisor from 2012 – 2014.  Ms. Farid was responsible for ensuring the quarterly production sharing contract ("PSC") accounts were prepared accurately and timely, audited by PwC, and submitted to Petronas.  She was the focal point for Petronas audits conducted on EMEPMI's books and was responsible for ensuring proper control over the company's interest in operations under the PSCs.

12.     Renee Gonzalez
        Vice President and Assistant General Tax Counsel, ExxonMobil
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

        Ms. Gonzalez is a Vice President and the Assistant General Tax Counsel of
        ExxonMobil and, in that role, is responsible for legal counsel on ExxonMobil's
        U.S. federal and state income tax, property and excise tax controversies, state tax
        planning and legislative issues, and providing legal advice on discrete U.S.
        federal and state income tax issues. Ms. Gonzalez has knowledge about
        ExxonMobil's 2006 – 2009 claims for refund, the tax consequences of such
        claims to ExxonMobil, and the IRS examination of such claims, including the
        designation of such claims for litigation and the determination, assessment and
        payment of penalties.  Ms. Gonzalez also has knowledge of ExxonMobil's
        historic and current foreign tax credit position.  She also has knowledge of the
        Section 481 computations in the protective Forms 3115 Application for Change in
        Accounting Method filed on November 26, 2014.

13.     Robert Stall
        Valuation Principal, Ernst & Young
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

        Mr. Stall is a Valuation Principal and the U.S. Mining & Metals Leader for Ernst
        & Young and, in that role, is responsible for valuing business enterprises in
        numerous industries with a special focus on energy and the valuation of
        machinery and equipment and other tangible property assets.  Mr. Stall has
        knowledge of the fair market value valuation methodology performed by Ernst &
        Young and reflected in the annual valuation reports prepared by Ernst & Young
        for ExxonMobil's 2006 – 2009 tax years for purposes of apportioning interest
        expense using the fair market value method.

14. Debra M. Tarr
Internal Revenue Service
c/o Cory A. Johnson
Senior Litigation Counsel
U.S. Department of Justice
555 4th Street N.W., Room 8810
Washington D.C. 20001
(202) 307-3046

Ms. Tarr is a Large Business & International ("LB&I") Team Manager for the Internal Revenue Service. Ms. Tarr was responsible for auditing ExxonMobil's claims for refund related to the 2006-2009 tax years. In Ms. Tarr's capacity as LB&I Team Manager, Ms. Tarr oversaw the issuance of information document requests and summonses to ExxonMobil regarding ExxonMobil's refund claims, participated in meetings with ExxonMobil regarding those refund claims, and has knowledge regarding the legal and factual bases on which ExxonMobil argued it was entitled to the refunds requested in this litigation during the audit. Ms. Tarr also has information regarding the penalties imposed under Section 6676 of the Internal Revenue Code for ExxonMobil's 2006 – 2009 tax years.

15. David Foyt
Former Global Team Manager, Internal Revenue Service
c/o Cory A. Johnson
Senior Litigation Counsel
U.S. Department of Justice
555 4th Street N.W., Room 8810
Washington D.C. 20001
(202) 307-3046

Mr. Foyt was a Global Team Manager for the Internal Revenue Service. Mr. Foyt was responsible for auditing ExxonMobil's claims for refund related to the 2006-2009 tax years. In Mr. Foyt's capacity as Global Team Manager, Mr. Foyt oversaw the issuance of information document requests and summonses to ExxonMobil regarding ExxonMobil's refund claims, participated in meetings with ExxonMobil regarding those refund claims, and has knowledge regarding the legal and factual bases on which ExxonMobil argued it was entitled to the refunds requested in this litigation during the audit. Mr. Foyt also has information regarding the penalties imposed under Section 6676 of the Internal Revenue Code for ExxonMobil's 2006 – 2009 tax years.

The persons identified in Defendant's Initial Disclosures may be included as persons whom ExxonMobil may use to support its claims in this lawsuit. ExxonMobil reserves the right to identify other persons or other subjects of information as discovery proceeds.

**EXXON MOBIL CORPORATION'S FIRST AMENDED INITIAL DISCLOSURES - Page 7**

B.   **A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

The following documents may be used by ExxonMobil to support its claims and have been provided or will be provided within a reasonable time after service of these disclosures:

1.   ExxonMobil's consolidated Form 1120 U.S. Corporation Income Tax Return for taxable years 2006 through 2010;

2.   ExxonMobil's Form 1120X Amended U.S. Corporation Income Tax Return ("Form 1120X") for taxable years 2006 through 2009;

3.   ExxonMobil's Forms 843 Claim for Refund and Request for Abatement ("Forms 843") for taxable years 2006 through 2009;

4.   Exxon Mobil Oil Corporation's Form 720 Quarterly Federal Excise Tax Return for each quarter of taxable years 2008 and 2009;

5.   Correspondence with, and documents provided to or from, the Internal Revenue Service ("IRS") regarding the issues described in ExxonMobil's Complaint and Supplemental Complaint and the Answer and Response filed by the United States;

6.   The contractual agreements, including but not limited to Production Sharing Contracts and Joint Operating Agreements, between ExxonMobil (or its subsidiaries and affiliates) and Petronas and/or Petronas Carigali SDN BHD related to ExxonMobil's (or its subsidiaries and affiliates') exploration, development, production, transportation, processing, storage and marketing of crude oil and natural gas (and their products) in Malaysia;

7.   The contractual agreements, including but not limited to the Development and Fiscal Agreements and Joint Venture Agreements, between ExxonMobil (or its subsidiaries and affiliates) and State of Qatar, Qatar Petroleum, Qatar General Petroleum Corporation, and/or any of the joint ventures formed pursuant to the Joint Venture Agreements related to ExxonMobil's (or its subsidiaries and affiliates')  exploration, development, production, transportation, processing, storage and marketing of condensate and  LNG in Qatar;

8.   Financing documents referring to or reflecting capital investments made in Qatar under the various Development and Fiscal Agreements and Joint Venture Agreements;

9.   Any economic models used to analyze the value expected to be derived by ExxonMobil (or its subsidiaries and affiliates) from the investments made in Qatar under the various Development and Fiscal Agreements and Joint Venture Agreements;

**EXXON MOBIL CORPORATION'S FIRST AMENDED INITIAL DISCLOSURES - Page 8**

10.     Any economic models used to analyze the value expected to be derived by ExxonMobil (or its subsidiaries and affiliates) from the investments made in Malaysia under certain Production Sharing Contracts;

11.     Non-privileged internal memoranda, presentations, and accounting documents referring to or reflecting capital investments made under the various Development and Fiscal Agreements in Qatar, the value of the minerals up to, and including, the point of royalty calculation, and income from the sale of minerals and mineral products;

12.     Non-privileged internal memoranda, presentations, and accounting documents referring to or reflecting capital investments made under the various Production Sharing Contracts in Malaysia, the value of the minerals up to, and including, the point of royalty calculation, and income from the sale of minerals and mineral products;

13.     The Forms 3115 Application for Change in Accounting Method filed on November 26, 2014 and correspondence with, and documents provided to or from, the IRS regarding such Forms 3115;

14.     For tax periods ending December 31, 2006, 2007, 2008, and 2009, IRS Forms 4340, Certificate of Assessments, Payments and Other Specified Matters, and IRS Account Transcripts, including the MFTRA-C version, for Form 1120 and Civil Penalty;

15.     Documents reflecting the treatment of the payments to the State of Qatar and to Petronas on ExxonMobil's financial books for 2006 – 2009;

16.     The closing agreement between the IRS and ExxonMobil regarding the apportionment of interest under the fair market value methodology for ExxonMobil's 1989–2009 tax years and any exhibits thereto (the "Closing Agreement") and any correspondence with, and documents provided to or from, the IRS regarding the Closing Agreement and documents related to the apportionment of interest expense between U.S. and foreign source income for ExxonMobil's 2006 – 2009 tax years;

17.     IRS documents relating to the penalties at issue in the case, including documents referring to or reflecting the absence of written managerial approval of the penalties;

18.     IRS documents, including internal IRS communications, regarding the issues described in ExxonMobil's Complaint and Supplemental Complaint and the Answer and Response filed by the United States; and

19.     Documents produced in discovery by any party.

     ExxonMobil reserves the right to identify other documents disclosed during discovery by any party or documents it subsequently determines are relevant to disputed facts in this action.

**EXXON MOBIL CORPORATION'S FIRST AMENDED INITIAL DISCLOSURES - Page 9**

C.      **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34, the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

ExxonMobil paid the total tax assessed for taxable years 2006 through 2009 as follows:

| Taxable Year | Tax Paid |
|---|---|
| 2006 | $3,695,187,422 |
| 2007 | $3,893,091,559 |
| 2008 | $1,741,428,305 |
| 2009 | $   139,912,688 |

By letter dated June 26, 2014, ExxonMobil timely submitted Form 1120X for 2006 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of federal income tax of $264,720,803 plus statutory interest.

By letter dated June 26, 2014, ExxonMobil timely submitted Form 1120X for 2007 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of federal income tax of $297,976,031 plus statutory interest.

By letter dated April 13, 2015, ExxonMobil timely submitted Form 1120X for 2008 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of federal income tax of $652,852,400 plus statutory interest.

By letter dated April 13, 2015, ExxonMobil timely submitted Form 1120X for 2009 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of federal income tax of $138,971,996 plus statutory interest.

ExxonMobil paid the penalties assessed for taxable years 2006 through 2009 as follows:

| Taxable Year | Penalties Paid |
|---|---|
| 2006 | $52,944,161 |
| 2007 | $59,595,206 |
| 2008 | $81,771,720 |
| 2009 | $13,215,459 |

**EXXON MOBIL CORPORATION'S FIRST AMENDED INITIAL DISCLOSURES - Page 10**

By letters dated September 23, 2016, March 3, 2017 and May 9, 2017, ExxonMobil timely submitted Forms 843 for 2006 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $52,944,161 plus statutory interest.

By letters dated September 23, 2016, March 3, 2017 and May 9, 2017, ExxonMobil timely submitted Forms 843 for 2007 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $59,595,206  plus statutory interest.

By letters dated September 23, 2016, March 3, 2017 and May 9, 2017, ExxonMobil timely submitted Forms 843 for 2008 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $81,771,720 plus statutory interest.

By letters dated September 23, 2016, March 3, 2017 and May 9, 2017, ExxonMobil timely submitted Forms 843 for 2009 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $13,215,459 plus statutory interest.

ExxonMobil seeks damages in the amount of the total of the claims for refund made in Forms 1120X and Forms 843 related to taxable years 2006 through 2009, or $1,562,047,776.00, or such other amount as is legally refundable, plus statutory interest as allowed by law.

**D.     For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable.

**E.     The correct names of the parties to the action.**

ExxonMobil believes the parties are correctly named.

**F.     The name and, if known, address and telephone number of any potential parties to the action.**

None.

**EXXON MOBIL CORPORATION'S FIRST AMENDED INITIAL DISCLOSURES - Page 11**

Dated: April 27, 2018

Respectfully submitted,

THOMPSON & KNIGHT LLP

By: /s/ Emily A. Parker
       Emily A. Parker
       State Bar No. 15482500
       emily.parker@tklaw.com
       Mary A. McNulty
       State Bar No. 13839680
       mary.mcnulty@tklaw.com
       William M. Katz, Jr.
       State Bar No. 00791003
       william.katz@tklaw.com
       J. Meghan Nylin
       State Bar No. 24070083
       meghan.nylin@tklaw.com
       Leonora S. Meyercord
       State Bar No. 24074711
       Lee.Meyercord@tklaw.com

1722 Routh Street, Suite 1500
Dallas, Texas 75201
 (214) 969-1700
FAX (214) 969-1751

MILLER & CHEVALIER, CHARTERED

       Kevin L. Kenworthy
       D.C. Bar No. 414887
       kkenworthy@milchev.com
       George A. Hani
       D.C. Bar No. 451945
       ghani@milchev.com
       Andrew L. Howlett
       D.C. Bar No. 1010208
       ahowlett@milchev.com

900 16th Street NW
Washington, D.C. 20006
(202) 626-5800
FAX (202) 626-5801

**ATTORNEYS FOR PLAINTIFF**
**EXXON MOBIL CORPORATION**

## CERTIFICATE OF SERVICE

I certify that on April 27, 2018, a true and correct copy of the foregoing document was served via e-mail and First Class Mail on the following counsel of record:

CORY A. JOHNSON
Senior Litigation Counsel
U.S. Department of Justice
P.O. Box 26
Washington, D.C. 20044

JONATHAN L. BLACKER
JOSHUA D. SMELTZER
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201

**ATTORNEYS FOR THE UNITED STATES**

*/s/ William M. Katz, Jr.*
William M. Katz, Jr.

**EXXON MOBIL CORPORATION'S FIRST AMENDED INITIAL DISCLOSURES - Page 13**

# EXHIBIT 1-D

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, | | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. 3:16-cv-2921-N |
| UNITED STATES OF AMERICA, | | |
| Defendant. | | |

## EXXON MOBIL CORPORATION'S SECOND AMENDED DISCLOSURES

Exxon Mobil Corporation ("ExxonMobil") makes these second amended disclosures to the United States of America ("Defendant") in accordance with Federal Rule of Civil Procedure 26(a)(1).

**A.    The name and, if known, the address and telephone number of each individual likely to have discoverable information, along with the subjects of that information, that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

    1.    Stuart McGill
        Former President of ExxonMobil Gas & Power Marketing Company and Former Managing Director of Esso Production Malaysia, Inc.
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

        Mr. McGill was the President of ExxonMobil Gas & Power Marketing Company and has knowledge regarding the liquefied natural gas ("LNG") operations in Qatar under various Development and Fiscal Agreements and Joint Venture Agreements between ExxonMobil (or its subsidiaries and affiliates) and the State of Qatar and Qatar Petroleum Company.  Mr. McGill was also the Managing Director of Esso Production Malaysia, Inc. and has knowledge regarding petroleum operations under various Production Sharing Contracts in Malaysia and regarding ExxonMobil's (or its subsidiaries and affiliates') historical operations in Malaysia.  Mr. McGill was involved in the decision to build the Terengganu Crude Oil Terminal in Malaysia.

**EXXON MOBIL CORPORATION'S SECOND AMENDED DISCLOSURES - Page 1**

EXHIBIT
1-D

2.      Ron Billings
        Former Vice President, LNG for ExxonMobil Gas & Power Marketing Company
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

        Mr. Billings was the Vice President, LNG for ExxonMobil Gas & Power
        Marketing Company and has knowledge regarding the LNG operations in Qatar
        under various Development and Fiscal Agreements and Joint Venture Agreements
        between ExxonMobil (or its subsidiaries and affiliates) and the State of Qatar and
        Qatar Petroleum Company.  Mr. Billings further has knowledge regarding the
        negotiation and implementations of various LNG-related agreements involving
        ExxonMobil (or its subsidiaries and affiliates) in Qatar.

3.      Steven Kane
        Treasurer, ExxonMobil Upstream Ventures
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

        Mr. Kane is a Treasurer for ExxonMobil Upstream Ventures.  During the relevant
        time period, Mr. Kane served as a Senior Finance Manager. Mr. Kane has
        knowledge regarding the financing of the LNG projects involving ExxonMobil
        (or its subsidiaries and affiliates) in Qatar.  Mr. Kane also has knowledge
        regarding the Qatar LNG value chain.

4.      Liam Mallon
        President of ExxonMobil Development Company
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

        Mr. Mallon is the President of ExxonMobil Development Company.  He was the
        Executive Chairman and Executive Director of Esso Malaysia Bhd. during the
        negotiation of the 2008 Production Sharing Contract.  Mr. Mallon has knowledge
        regarding petroleum operations under various Production Sharing Contracts, the
        Main Principles Agreement, and related documents in Malaysia and regarding
        ExxonMobil's (or its subsidiaries and affiliates') historical operations in
        Malaysia.

5.      Phil Dingle
        Former President, ExxonMobil Gas & Power Marketing Company and Former
        Chairman of Esso Production Malaysia, Inc.
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

        Mr. Dingle was the President of ExxonMobil Gas & Power Marketing Company
        and has knowledge regarding the LNG operations in Qatar under various
        Development and Fiscal Agreements and Joint Venture Agreements between
        ExxonMobil (or its subsidiaries and affiliates) and the State of Qatar and Qatar
        Petroleum Company.  Mr. Dingle also served as the Chairman of Esso Production
        Malaysia, Inc. and has knowledge regarding petroleum operations under various
        Production Sharing Contracts and related documents in Malaysia and regarding
        ExxonMobil's (or its subsidiaries and affiliates') historical operations in
        Malaysia.

6.      Paige Merkle
        Upstream Subject Matter Expert, Tax Reporting & Analysis Center, ExxonMobil
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

        Ms. Merkle is the Upstream Subject Matter Expert for the Tax Reporting &
        Analysis Center for ExxonMobil and, in that role, is responsible for providing
        general support and guidance to team members in the application of tax laws and
        filing requirements.  Ms. Merkle has responsibility for advising on tax return
        preparation and assisting the audit group with tax refund claim submissions, when
        needed.  Ms. Merkle has reviewed how the payments to the State of Qatar and to
        Petroliam Nasional Berhad ("Petronas") were originally reported on
        ExxonMobil's 2006-2009 U.S. tax returns and ExxonMobil's policies and
        procedures regarding preparation and filing of ExxonMobil's tax returns
        reflecting the transactions at issue in Qatar and Malaysia.  Ms. Merkle also has
        knowledge of the classification of assets as foreign oil and gas extraction income
        assets and foreign oil related income assets in Qatar and Malaysia and more
        generally and the policies and procedures underlying such classification.  Ms.
        Merkle also has knowledge regarding the model supporting the computations on
        which ExxonMobil's 2006-2009 claims for refund are based, including the
        computation of imputed interest on the payments to the State of Qatar and
        Petronas, cost recovery deductions, and the allocation of interest between U.S.
        and foreign source income to calculate limits on foreign tax credits.

**EXXON MOBIL CORPORATION'S SECOND AMENDED DISCLOSURES - Page 3**

7.      Paul Sibal
        Chief Process Engineer, ExxonMobil Production Company
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

        Mr. Sibal is the Chief Process Engineer for ExxonMobil Production Company
        and, in that role, is responsible for the long-term technical health of the
        organization in process engineering.   Mr. Sibal formerly served as the
        Surveillance and Reliability Manager in ExxonMobil Production Company.  Prior
        to that time, he was the LNG Technology Supervisor and then the Gas
        Technologies Research Manager at Upstream Research Company.  Mr. Sibal has
        knowledge regarding gas and LNG production, natural gas liquids recovery, sour
        gas treating and sulfur recovery, LNG transportation and receiving terminal
        design and operation, and the LNG operations in Qatar involving ExxonMobil (or
        its subsidiaries and affiliates) in particular, including the LNG technology and the
        value added by the post-extraction processing of natural gas to convert it into
        LNG in Qatar.

8.      Ayob Yahaya
        Operations Facilities Engineering Advisor, ExxonMobil Exploration and
        Production Malaysia Inc. ("EMEPMI")
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

        Mr. Yahaya is an Operations Facilities Engineering Advisor for EMEPMI and, in
        that role, has been responsible for providing technical support for the operations
        of EMEPMI's offshore and onshore facilities in Malaysia.   Mr. Yahaya has
        historical and current knowledge regarding petroleum operations for the various
        upstream operations in Malaysia.

9.      David Norwood
        Production Controller, ExxonMobil
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

Mr. Norwood is the Production Controller for ExxonMobil.  He served as the Controller for ExxonMobil Qatar in 2007 and as the Business Services Manager for ExxonMobil Qatar from 2008-2012.  In his roles as Controller and Business Services Manager, Mr. Norwood was responsible for the financial reporting of ExxonMobil's (or its subsidiaries and affiliates') activities in Qatar.  Mr. Norwood has knowledge regarding the transactions at issue in Qatar, including how the payments to the State of Qatar were reported on ExxonMobil's 2006-2009 financial books and ExxonMobil's policies regarding financial reporting for the transactions at issue in Qatar.

10.     Gey Teng Lee
        Tax Advisor, EMEPMI
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

        Ms. Lee is a Tax Advisor for EMEPMI and, in that role, has been responsible for providing tax support on direct and indirect tax matters for the ExxonMobil affiliates in Malaysia. She currently leads the Goods and Service Tax reporting work for the Malaysian affiliates as well as Tax advisory support for the Malaysian Business Support Center and Chemical affiliate in Malaysia.

11.     Sri Halena Farid
        ExxonMobil Information Technology ("EMIT") Business Analysis and Reporting ("BAR") Billing Supervisor, ExxonMobil
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

        Ms. Farid is the EMIT BAR Billing Supervisor for ExxonMobil.  Ms. Farid worked in the Joint Interest Petronas Coordination Group of EMEPMI from 2009 – 2014 and served as a Joint Interest & Petronas Coordination Supervisor from 2012 – 2014.  Ms. Farid was responsible for ensuring the quarterly production sharing contract ("PSC") accounts were prepared accurately and timely, audited by PwC, and submitted to Petronas.  She was the focal point for Petronas audits conducted on EMEPMI's books and was responsible for ensuring proper control over the company's interest in operations under the PSCs.

12.     Renee Gonzalez
        Vice President and Assistant General Tax Counsel, ExxonMobil
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

        Ms. Gonzalez is a Vice President and the Assistant General Tax Counsel of
        ExxonMobil and, in that role, is responsible for legal counsel on ExxonMobil's
        U.S. federal and state income tax, property and excise tax controversies, state tax
        planning and legislative issues, and providing legal advice on discrete U.S.
        federal and state income tax issues. Ms. Gonzalez has knowledge about
        ExxonMobil's 2006 – 2009 claims for refund, the tax consequences of such
        claims to ExxonMobil, and the IRS examination of such claims, including the
        designation of such claims for litigation and the determination, assessment and
        payment of penalties.  Ms. Gonzalez also has knowledge of ExxonMobil's
        historic and current foreign tax credit position.  She also has knowledge of the
        Section 481 computations in the protective Forms 3115 Application for Change in
        Accounting Method filed on November 26, 2014.

13.     Robert Stall
        Valuation Principal, Ernst & Young
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

        Mr. Stall is a Valuation Principal and the U.S. Mining & Metals Leader for Ernst
        & Young and, in that role, is responsible for valuing business enterprises in
        numerous industries with a special focus on energy and the valuation of
        machinery and equipment and other tangible property assets.  Mr. Stall has
        knowledge of the fair market value valuation methodology performed by Ernst &
        Young and reflected in the annual valuation reports prepared by Ernst & Young
        for ExxonMobil's 2006 – 2009 tax years for purposes of apportioning interest
        expense using the fair market value method.

**EXXON MOBIL CORPORATION'S SECOND AMENDED DISCLOSURES - Page 6**

14.   Debra M. Tarr
Internal Revenue Service
c/o Cory A. Johnson
Senior Litigation Counsel
U.S. Department of Justice
555 4th Street N.W., Room 8810
Washington D.C. 20001
(202) 307-3046

Ms. Tarr is a Large Business & International ("LB&I") Team Manager for the
Internal Revenue Service.  Ms. Tarr was responsible for auditing ExxonMobil's
claims for refund related to the 2006-2009 tax years.  In Ms. Tarr's capacity as
LB&I Team Manager, Ms. Tarr oversaw the issuance of information document
requests and summonses to ExxonMobil regarding ExxonMobil's refund claims,
participated in meetings with ExxonMobil regarding those refund claims, and has
knowledge regarding the legal and factual bases on which ExxonMobil argued it
was entitled to the refunds requested in this litigation during the audit.  Ms. Tarr
also has information regarding the penalties imposed under Section 6676 of the
Internal Revenue Code for ExxonMobil's 2006 – 2009 tax years.

15.   David Foyt
Former Global Team Manager, Internal Revenue Service
c/o Cory A. Johnson
Senior Litigation Counsel
U.S. Department of Justice
555 4th Street N.W., Room 8810
Washington D.C. 20001
(202) 307-3046

Mr. Foyt was a Global Team Manager for the Internal Revenue Service.  Mr. Foyt
was responsible for auditing ExxonMobil's claims for refund related to the 2006-
2009 tax years.  In Mr. Foyt's capacity as Global Team Manager, Mr. Foyt
oversaw the issuance of information document requests and summonses to
ExxonMobil regarding ExxonMobil's refund claims, participated in meetings
with ExxonMobil regarding those refund claims, and has knowledge regarding the
legal and factual bases on which ExxonMobil argued it was entitled to the refunds
requested in this litigation during the audit.  Mr. Foyt also has information
regarding the penalties imposed under Section 6676 of the Internal Revenue Code
for ExxonMobil's 2006 – 2009 tax years.

The persons identified in Defendant's Initial Disclosures may be included as persons
whom ExxonMobil may use to support its claims in this lawsuit.  ExxonMobil reserves the right
to identify other persons or other subjects of information as discovery proceeds.

**B.      A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

The following documents may be used by ExxonMobil to support its claims and have been provided or will be provided within a reasonable time after service of these disclosures:

1.      ExxonMobil's consolidated Form 1120 U.S. Corporation Income Tax Return for taxable years 2006 through 2010, which are located in ExxonMobil's electronic files maintained by the Tax Reporting and Analysis Center ("TRAC");

2.      ExxonMobil's Form 1120X Amended U.S. Corporation Income Tax Return ("Form 1120X") for taxable years 2006 through 2009, which are located in ExxonMobil's electronic files maintained by the Tax Law, Appeals and Litigation group ("TLAL");

3.      ExxonMobil's Forms 843 Claim for Refund and Request for Abatement ("Forms 843") for taxable years 2006 through 2009, which are located in ExxonMobil's electronic files maintained by TRAC and TLAL;

4.      Exxon Mobil Oil Corporation's Forms 720 Quarterly Federal Excise Tax Return for each quarter of taxable years 2008 and 2009, which are located in ExxonMobil's electronic files maintained by TLAL and by ExxonMobil's Indirect Tax group;

5.      Correspondence with, and documents provided to or from, the Internal Revenue Service ("IRS") regarding the issues described in ExxonMobil's Complaint and Supplemental Complaint and the Answer and Response filed by the United States, which are located in ExxonMobil's electronic files maintained by TLAL and/or which have been or will be obtained by ExxonMobil through the discovery process or the Freedom of Information Act;

6.      The contractual agreements, including but not limited to Production Sharing Contracts and Joint Operating Agreements, between ExxonMobil (or its subsidiaries and affiliates) and Petronas and/or Petronas Carigali SDN BHD related to ExxonMobil's (or its subsidiaries and affiliates') exploration, development, production, transportation, processing, storage and marketing of crude oil and natural gas (and their products) in Malaysia, which are located in EMEPMI's electronic files or in EMEPMI's hard-copy files located in its office or in its secured offsite facility;

7.      The contractual agreements, including but not limited to the Development and Fiscal Agreements and Joint Venture Agreements, between ExxonMobil (or its subsidiaries and affiliates) and State of Qatar, Qatar Petroleum, Qatar General Petroleum Corporation, and/or any of the joint ventures formed pursuant to the Joint Venture Agreements related to ExxonMobil's (or its subsidiaries and affiliates') exploration, development, production, transportation, processing,

**EXXON MOBIL CORPORATION'S SECOND AMENDED DISCLOSURES - Page 8**

storage and marketing of condensate and LNG in Qatar, which are located in ExxonMobil's Qatari subsidiaries' electronic files and in hard-copy files maintained in ExxonMobil's Qatari subsidiaries' offices in Qatar;

8.  Financing documents referring to or reflecting capital investments made in Qatar under the various Development and Fiscal Agreements and Joint Venture Agreements, which are located in ExxonMobil's Qatari subsidiaries' electronic files and in hard-copy files maintained in ExxonMobil's Qatari subsidiaries' offices in Qatar;

9.  Any economic models used to analyze the value expected to be derived by ExxonMobil (or its subsidiaries and affiliates) from the investments made in Qatar under the various Development and Fiscal Agreements and Joint Venture Agreements, which are located in ExxonMobil's Qatari subsidiaries' electronic files and in hard-copy files maintained in ExxonMobil's Qatari subsidiaries' offices in Qatar;

10. Any economic models used to analyze the value expected to be derived by ExxonMobil (or its subsidiaries and affiliates) from the investments made in Malaysia under certain Production Sharing Contracts, which are located in EMEPMI's electronic files or in EMEPMI's hard-copy files located in its office or in its secured offsite facility;

11. Non-privileged internal memoranda, presentations, and accounting documents referring to or reflecting capital investments made under the various Development and Fiscal Agreements in Qatar, the value of the minerals up to, and including, the point of royalty calculation, and income from the sale of minerals and mineral products, which are located in ExxonMobil's Qatari subsidiaries' electronic files and in hard-copy files maintained in ExxonMobil's Qatari subsidiaries' offices in Qatar;

12. Non-privileged internal memoranda, presentations, and accounting documents referring to or reflecting capital investments made under the various Production Sharing Contracts in Malaysia, the value of the minerals up to, and including, the point of royalty calculation, and income from the sale of minerals and mineral products, which are located in EMEPMI's electronic files or in EMEPMI's hard-copy files located in its office or in its secured offsite facility;

13. The Forms 3115 Application for Change in Accounting Method filed on November 26, 2014 and correspondence with, and documents provided to or from, the IRS regarding such Forms 3115, which are located in ExxonMobil's electronic files maintained by TLAL;

14. For tax periods ending December 31, 2006, 2007, 2008, and 2009, IRS Forms 4340, Certificate of Assessments, Payments and Other Specified Matters, and IRS Account Transcripts, including the MFTRA-C version, for Form 1120 and Civil Penalty, which are located in ExxonMobil's electronic files maintained by TLAL;

**EXXON MOBIL CORPORATION'S SECOND AMENDED DISCLOSURES - Page 9**

15. Documents reflecting the treatment of the payments to the State of Qatar and to Petronas on ExxonMobil's financial books for 2006 – 2009, which are located in ExxonMobil's files maintained in hard copy and electronically by EMEPMI and ExxonMobil's Qatari subsidiaries, and which are maintined electronically by TRAC;

16. The closing agreement between the IRS and ExxonMobil regarding the apportionment of interest under the fair market value methodology for ExxonMobil's 1989–2009 tax years and any exhibits thereto (the "Closing Agreement") and any correspondence with, and documents provided to or from, the IRS regarding the Closing Agreement and documents related to the apportionment of interest expense between U.S. and foreign source income for ExxonMobil's 2006 – 2009 tax years, which are located in ExxonMobil's electronic files maintained by TLAL and TRAC;

17. IRS documents relating to the penalties at issue in the case, including documents referring to or reflecting the absence of written managerial approval of the penalties, which are located in ExxonMobil's electronic files maintained by TLAL and TRAC and/or which have been or will be obtained by ExxonMobil through the discovery process or the Freedom of Information Act;

18. IRS documents, including internal IRS communications, regarding the issues described in ExxonMobil's Complaint and Supplemental Complaint and the Answer and Response filed by the United States, which are located in ExxonMobil's electronic files maintained by TLAL and TRAC and/or which have been or will be obtained by ExxonMobil through the discovery process or the Freedom of Information Act; and

19. Documents produced in discovery by any party.

ExxonMobil reserves the right to identify other documents disclosed during discovery by any party or documents it subsequently determines are relevant to disputed facts in this action.

**C.    A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34, the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

ExxonMobil paid the total tax assessed for taxable years 2006 through 2009 as follows:

| Taxable Year | Tax Paid |
|---|---|
| 2006 | $3,695,187,422 |
| 2007 | $3,893,091,559 |
| 2008 | $1,741,428,305 |

**EXXON MOBIL CORPORATION'S SECOND AMENDED DISCLOSURES - Page 10**

<table>
<tr><td>2009</td><td>$   139,912,688</td></tr>
</table>

By letter dated June 26, 2014, ExxonMobil timely submitted Form 1120X for 2006 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of federal income tax of $264,720,803 plus statutory interest.

By letter dated June 26, 2014, ExxonMobil timely submitted Form 1120X for 2007 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of federal income tax of $297,976,031 plus statutory interest.

By letter dated April 13, 2015, ExxonMobil timely submitted Form 1120X for 2008 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of federal income tax of $652,852,400 plus statutory interest.

By letter dated April 13, 2015, ExxonMobil timely submitted Form 1120X for 2009 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of federal income tax of $138,971,996 plus statutory interest.

ExxonMobil paid the penalties assessed for taxable years 2006 through 2009 as follows:

| Taxable Year | Penalties Paid |
| --- | --- |
| 2006 | $52,944,161 |
| 2007 | $59,595,206 |
| 2008 | $81,771,720 |
| 2009 | $13,215,459 |

By letters dated September 23, 2016, March 3, 2017 and May 9, 2017, ExxonMobil timely submitted Forms 843 for 2006 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $52,944,161 plus statutory interest.

By letters dated September 23, 2016, March 3, 2017 and May 9, 2017, ExxonMobil timely submitted Forms 843 for 2007 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $59,595,206  plus statutory interest.

By letters dated September 23, 2016, March 3, 2017 and May 9, 2017, ExxonMobil timely submitted Forms 843 for 2008 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $81,771,720 plus statutory interest.

By letters dated September 23, 2016, March 3, 2017 and May 9, 2017, ExxonMobil timely submitted Forms 843 for 2009 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $13,215,459 plus statutory interest.

ExxonMobil seeks damages in the amount of the total of the claims for refund made in Forms 1120X and Forms 843 related to taxable years 2006 through 2009, or $1,562,047,776.00, or such other amount as is legally refundable, plus statutory interest as allowed by law.

**D.    For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable.

**E.    The correct names of the parties to the action.**

ExxonMobil believes the parties are correctly named.

**F.    The name and, if known, address and telephone number of any potential parties to the action.**

None.

Dated: May 24, 2018

Respectfully submitted,

THOMPSON & KNIGHT LLP

By:  */s/ Emily A. Parker*

      Emily A. Parker
      State Bar No. 15482500
      emily.parker@tklaw.com
      Mary A. McNulty
      State Bar No. 13839680
      mary.mcnulty@tklaw.com
      William M. Katz, Jr.
      State Bar No. 00791003
      william.katz@tklaw.com
      J. Meghan Nylin
      State Bar No. 24070083
      meghan.nylin@tklaw.com
      Leonora S. Meyercord
      State Bar No. 24074711
      Lee.Meyercord@tklaw.com

1722 Routh Street, Suite 1500
Dallas, Texas  75201
 (214) 969-1700
FAX (214) 969-1751

MILLER & CHEVALIER, CHARTERED

      Kevin L. Kenworthy
      D.C. Bar No. 414887
      kkenworthy@milchev.com
      George A. Hani
      D.C. Bar No. 451945
      ghani@milchev.com
      Andrew L. Howlett
      D.C. Bar No. 1010208
      ahowlett@milchev.com

900 16th Street NW
Washington, D.C. 20006
(202) 626-5800
FAX (202) 626-5801

**ATTORNEYS FOR PLAINTIFF
EXXON MOBIL CORPORATION**

**CERTIFICATE OF SERVICE**

       I certify that on May 24, 2018, a true and correct copy of the foregoing document was served via e-mail and First Class Mail and Certified Mail, Return Receipt Requested, on the following counsel of record:

       CORY A. JOHNSON
       Senior Litigation Counsel
       U.S. Department of Justice
       P.O. Box 26
       Washington, D.C. 20044

       JONATHAN L. BLACKER
       JOSHUA D. SMELTZER
       Trial Attorney, Tax Division
       U.S. Department of Justice
       717 N. Harwood, Suite 400
       Dallas, Texas 75201

                                       */s/ J. Meghan Nylin*
                                       J. Meghan Nylin

# EXHIBIT 1-E

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| EXXON MOBIL CORPORATION, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 3:16-cv-2921-N |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

<u>**EXXON MOBIL CORPORATION'S THIRD AMENDED DISCLOSURES**</u>

Exxon Mobil Corporation ("<u>ExxonMobil</u>") makes these third amended disclosures to the

United States of America ("<u>Defendant</u>") in accordance with Federal Rule of Civil Procedure

26(a)(1).

**A.     The name and, if known, the address and telephone number of each individual
likely to have discoverable information, along with the subjects of that information,
that the disclosing party may use to support its claims or defenses, unless the use
would be solely for impeachment.**

> 1.     Stuart McGill
> Former President of ExxonMobil Gas & Power Marketing Company and Former
> Managing Director of Esso Production Malaysia, Inc.
> c/o Emily A. Parker
> Thompson & Knight LLP
> 1722 Routh St., Suite 1500
> Dallas, Texas 75201
> (214) 969-1700
>
> Mr. McGill was the President of ExxonMobil Gas & Power Marketing Company
> and has knowledge regarding the liquefied natural gas ("<u>LNG</u>") operations in
> Qatar under various Development and Fiscal Agreements and Joint Venture
> Agreements between ExxonMobil (or its subsidiaries and affiliates) and the State
> of Qatar and Qatar Petroleum Company.  Mr. McGill was also the Managing
> Director of Esso Production Malaysia, Inc. and has knowledge regarding
> petroleum operations under various Production Sharing Contracts in Malaysia and
> regarding ExxonMobil's (or its subsidiaries and affiliates') historical operations in
> Malaysia.  Mr. McGill was involved in the decision to build the Terengganu
> Crude Oil Terminal in Malaysia.

**EXXON MOBIL CORPORATION'S THIRD AMENDED DISCLOSURES - Page 1**

EXHIBIT
1-E

2.     Ron Billings
       Former Vice President, LNG for ExxonMobil Gas & Power Marketing Company
       c/o Emily A. Parker
       Thompson & Knight LLP
       1722 Routh St., Suite 1500
       Dallas, Texas 75201
       (214) 969-1700

       Mr. Billings was the Vice President, LNG for ExxonMobil Gas & Power Marketing Company and has knowledge regarding the LNG operations in Qatar under various Development and Fiscal Agreements and Joint Venture Agreements between ExxonMobil (or its subsidiaries and affiliates) and the State of Qatar and Qatar Petroleum Company. Mr. Billings further has knowledge regarding the negotiation and implementations of various LNG-related agreements involving ExxonMobil (or its subsidiaries and affiliates) in Qatar.

3.     Steven Kane
       Treasurer, ExxonMobil Upstream Ventures
       c/o Emily A. Parker
       Thompson & Knight LLP
       1722 Routh St., Suite 1500
       Dallas, Texas 75201
       (214) 969-1700

       Mr. Kane is a Treasurer for ExxonMobil Upstream Ventures. During the relevant time period, Mr. Kane served as a Senior Finance Manager. Mr. Kane has knowledge regarding the financing of the LNG projects involving ExxonMobil (or its subsidiaries and affiliates) in Qatar. Mr. Kane also has knowledge regarding the Qatar LNG value chain.

4.     Liam Mallon
       President of ExxonMobil Development Company
       c/o Emily A. Parker
       Thompson & Knight LLP
       1722 Routh St., Suite 1500
       Dallas, Texas 75201
       (214) 969-1700

       Mr. Mallon is the President of ExxonMobil Development Company. He was the Executive Chairman and Executive Director of Esso Malaysia Bhd. during the negotiation of the 2008 Production Sharing Contract. Mr. Mallon has knowledge regarding petroleum operations under various Production Sharing Contracts, the Main Principles Agreement, and related documents in Malaysia and regarding ExxonMobil's (or its subsidiaries and affiliates') historical operations in Malaysia.

**EXXON MOBIL CORPORATION'S THIRD AMENDED DISCLOSURES - Page 2**

5.      Phil Dingle
        Former President, ExxonMobil Gas & Power Marketing Company and Former
        Chairman of Esso Production Malaysia, Inc.
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

        Mr. Dingle was the President of ExxonMobil Gas & Power Marketing Company
        and has knowledge regarding the marketing of LNG produced under various
        Development and Fiscal Agreements and Joint Venture Agreements between
        ExxonMobil (or its subsidiaries and affiliates) and the State of Qatar and Qatar
        Petroleum Company.  Mr. Dingle also served as the Chairman of Esso Production
        Malaysia, Inc. and has knowledge regarding petroleum operations under various
        Production Sharing Contracts and related documents in Malaysia and regarding
        ExxonMobil's (or its subsidiaries and affiliates') historical operations in
        Malaysia.

6.      Paige Merkle
        Upstream Subject Matter Expert, Tax Reporting & Analysis Center, ExxonMobil
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

        Ms. Merkle is the Upstream Subject Matter Expert for the Tax Reporting &
        Analysis Center for ExxonMobil and, in that role, is responsible for providing
        general support and guidance to team members in the application of tax laws and
        filing requirements.  Ms. Merkle has responsibility for advising on tax return
        preparation and assisting the audit group with tax refund claim submissions, when
        needed.  Ms. Merkle has reviewed how the payments to the State of Qatar and to
        Petroliam Nasional Berhad ("Petronas") were originally reported on
        ExxonMobil's 2006-2009 U.S. tax returns and ExxonMobil's policies and
        procedures regarding preparation and filing of ExxonMobil's tax returns
        reflecting the transactions at issue in Qatar and Malaysia.  Ms. Merkle also has
        knowledge of the classification of assets as foreign oil and gas extraction income
        assets and foreign oil related income assets in Qatar and Malaysia and more
        generally and the policies and procedures underlying such classification.  Ms.
        Merkle also has knowledge regarding the model supporting the computations on
        which ExxonMobil's 2006-2009 claims for refund are based, including the
        computation of imputed interest on the payments to the State of Qatar and
        Petronas, cost recovery deductions, and the allocation of interest between U.S.
        and foreign source income to calculate limits on foreign tax credits.

**EXXON MOBIL CORPORATION'S THIRD AMENDED DISCLOSURES - Page 3**

7.     Paul Sibal
Chief Process Engineer, ExxonMobil Production Company
c/o Emily A. Parker
Thompson & Knight LLP
1722 Routh St., Suite 1500
Dallas, Texas 75201
(214) 969-1700

Mr. Sibal was the Chief Process Engineer for ExxonMobil Production Company and, in that role, was responsible for the long-term technical health of the organization in process engineering. Mr. Sibal formerly served as the Surveillance and Reliability Manager in ExxonMobil Production Company. Prior to that time, he was the LNG Technology Supervisor and then the Gas Technologies Research Manager at Upstream Research Company. Mr. Sibal has knowledge regarding gas and LNG production, natural gas liquids recovery, sour gas treating and sulfur recovery, LNG transportation and receiving terminal design and operation, and the LNG operations in Qatar involving ExxonMobil (or its subsidiaries and affiliates) in particular, including the LNG technology and the value added by the post-extraction processing of natural gas to convert it into LNG in Qatar.

8.     Ayob Yahaya
Operations Facilities Engineering Advisor, ExxonMobil Exploration and Production Malaysia Inc. ("EMEPMI")
c/o Emily A. Parker
Thompson & Knight LLP
1722 Routh St., Suite 1500
Dallas, Texas 75201
(214) 969-1700

Mr. Yahaya is an Operations Facilities Engineering Advisor for EMEPMI and, in that role, has been responsible for providing technical support for the operations of EMEPMI's offshore and onshore facilities in Malaysia. Mr. Yahaya has historical and current knowledge regarding petroleum operations for the various upstream operations in Malaysia.

9.     David Norwood
Production Controller, ExxonMobil
c/o Emily A. Parker
Thompson & Knight LLP
1722 Routh St., Suite 1500
Dallas, Texas 75201
(214) 969-1700

**EXXON MOBIL CORPORATION'S THIRD AMENDED DISCLOSURES - Page 4**

Mr. Norwood is the Production Controller for ExxonMobil.  He served as the Controller for ExxonMobil Qatar in 2007 and as the Business Services Manager for ExxonMobil Qatar from 2008-2012.  In his roles as Controller and Business Services Manager, Mr. Norwood was responsible for the financial reporting of ExxonMobil's (or its subsidiaries and affiliates') activities in Qatar.  Mr. Norwood has knowledge regarding the transactions at issue in Qatar, including how the payments to the State of Qatar were reported on ExxonMobil's 2006-2009 financial books and ExxonMobil's policies regarding financial reporting for the transactions at issue in Qatar.

10.    Gey Teng Lee
       Tax Advisor, EMEPMI
       c/o Emily A. Parker
       Thompson & Knight LLP
       1722 Routh St., Suite 1500
       Dallas, Texas 75201
       (214) 969-1700

       Ms. Lee is a Tax Advisor for EMEPMI and, in that role, has been responsible for providing tax support on direct and indirect tax matters for the ExxonMobil affiliates in Malaysia. She currently leads the Goods and Service Tax reporting work for the Malaysian affiliates as well as Tax advisory support for the Malaysian Business Support Center and Chemical affiliate in Malaysia.

11.    Sri Halena Farid
       ExxonMobil Information Technology ("EMIT") Business Analysis and Reporting ("BAR") Billing Supervisor, ExxonMobil
       c/o Emily A. Parker
       Thompson & Knight LLP
       1722 Routh St., Suite 1500
       Dallas, Texas 75201
       (214) 969-1700

       Ms. Farid is the EMIT BAR Billing Supervisor for ExxonMobil.  Ms. Farid worked in the Joint Interest Petronas Coordination Group of EMEPMI from 2009 – 2014 and served as a Joint Interest & Petronas Coordination Supervisor from 2012 – 2014.  Ms. Farid was responsible for ensuring the quarterly production sharing contract ("PSC") accounts were prepared accurately and timely, audited by PwC, and submitted to Petronas.  She was the focal point for Petronas audits conducted on EMEPMI's books and was responsible for ensuring proper control over the company's interest in operations under the PSCs.

**EXXON MOBIL CORPORATION'S THIRD AMENDED DISCLOSURES - Page 5**

12.    Renee Gonzalez
       Vice President and Assistant General Tax Counsel, ExxonMobil
       c/o Emily A. Parker
       Thompson & Knight LLP
       1722 Routh St., Suite 1500
       Dallas, Texas 75201
       (214) 969-1700

Ms. Gonzalez is a Vice President and the Assistant General Tax Counsel of ExxonMobil and, in that role, is responsible for legal counsel on ExxonMobil's U.S. federal and state income tax, property and excise tax controversies, state tax planning and legislative issues, and providing legal advice on discrete U.S. federal and state income tax issues. Ms. Gonzalez has knowledge about ExxonMobil's 2006 – 2009 claims for refund, the tax consequences of such claims to ExxonMobil, and the IRS examination of such claims, including the designation of such claims for litigation and the determination, assessment and payment of penalties. Ms. Gonzalez also has knowledge of ExxonMobil's historic and current foreign tax credit position. She also has knowledge of the Section 481 computations in the protective Forms 3115 Application for Change in Accounting Method filed on November 26, 2014.

13.    Robert Stall
       Valuation Principal, Ernst & Young
       c/o Emily A. Parker
       Thompson & Knight LLP
       1722 Routh St., Suite 1500
       Dallas, Texas 75201
       (214) 969-1700

Mr. Stall is a Valuation Principal and the U.S. Mining & Metals Leader for Ernst & Young and, in that role, is responsible for valuing business enterprises in numerous industries with a special focus on energy and the valuation of machinery and equipment and other tangible property assets. Mr. Stall has knowledge of the fair market value valuation methodology performed by Ernst & Young and reflected in the annual valuation reports prepared by Ernst & Young for ExxonMobil's 2006 – 2009 tax years for purposes of apportioning interest expense using the fair market value method.

14.     Debra M. Tarr
    Internal Revenue Service
    c/o Cory A. Johnson
    Senior Litigation Counsel
    U.S. Department of Justice
    555 4th Street N.W., Room 8810
    Washington D.C. 20001
    (202) 307-3046

    Ms. Tarr is a Large Business & International ("LB&I") Team Manager for the Internal Revenue Service.  Ms. Tarr was responsible for auditing ExxonMobil's claims for refund related to the 2006-2009 tax years.  In Ms. Tarr's capacity as LB&I Team Manager, Ms. Tarr oversaw the issuance of information document requests and summonses to ExxonMobil regarding ExxonMobil's refund claims, participated in meetings with ExxonMobil regarding those refund claims, and has knowledge regarding the legal and factual bases on which ExxonMobil argued it was entitled to the refunds requested in this litigation during the audit.  Ms. Tarr also has information regarding the penalties imposed under Section 6676 of the Internal Revenue Code for ExxonMobil's 2006 – 2009 tax years.

15.     David Foyt
    Former Global Team Manager, Internal Revenue Service
    c/o Cory A. Johnson
    Senior Litigation Counsel
    U.S. Department of Justice
    555 4th Street N.W., Room 8810
    Washington D.C. 20001
    (202) 307-3046

    Mr. Foyt was a Global Team Manager for the Internal Revenue Service.  Mr. Foyt was responsible for auditing ExxonMobil's claims for refund related to the 2006-2009 tax years.  In Mr. Foyt's capacity as Global Team Manager, Mr. Foyt oversaw the issuance of information document requests and summonses to ExxonMobil regarding ExxonMobil's refund claims, participated in meetings with ExxonMobil regarding those refund claims, and has knowledge regarding the legal and factual bases on which ExxonMobil argued it was entitled to the refunds requested in this litigation during the audit.  Mr. Foyt also has information regarding the penalties imposed under Section 6676 of the Internal Revenue Code for ExxonMobil's 2006 – 2009 tax years.

The persons identified in Defendant's Initial Disclosures may be included as persons whom ExxonMobil may use to support its claims in this lawsuit.  ExxonMobil reserves the right to identify other persons or other subjects of information as discovery proceeds.

**EXXON MOBIL CORPORATION'S THIRD AMENDED DISCLOSURES - Page 7**

16.     Jeff Sengele
        Division Manager for Federal Income Tax Audit and State Income Tax Audit and
        Compliance, ExxonMobil
        c/o Emily A. Parker
        Thompson & Knight LLP
        1722 Routh St., Suite 1500
        Dallas, Texas 75201
        (214) 969-1700

        Mr. Sengele is the Division Manager for Federal Income Tax Audit and State
        Income Tax Audit and Compliance for ExxonMobil and, in that role, is
        responsible for ExxonMobil's U.S. federal and state income tax, property and
        excise tax controversies.  Ms. Sengele has knowledge about ExxonMobil's 2006 –
        2009 claims for refund, the tax consequences of such claims to ExxonMobil, and
        the IRS examination of such claims, including the designation of such claims for
        litigation and the determination, assessment and payment of penalties.

**B.      A copy of, or a description by category and location of, all documents, electronically
stored information, and tangible things that the disclosing party has in its
possession, custody, or control and may use to support its claims or defenses, unless
the use would be solely for impeachment.**

The following documents may be used by ExxonMobil to support its claims and have
been provided or will be provided within a reasonable time after service of these disclosures:

1.      ExxonMobil's consolidated Form 1120 U.S. Corporation Income Tax Return for
        taxable years 2006 through 2010, which are located in ExxonMobil's electronic
        files maintained by the Tax Reporting and Analysis Center ("TRAC");

2.      ExxonMobil's Form 1120X Amended U.S. Corporation Income Tax Return
        ("Form 1120X") for taxable years 2006 through 2009, which are located in
        ExxonMobil's electronic files maintained by the Tax Law, Appeals and Litigation
        group ("TLAL");

3.      ExxonMobil's Forms 843 Claim for Refund and Request for Abatement ("Forms
        843") for taxable years 2006 through 2009, which are located in ExxonMobil's
        electronic files maintained by TRAC and TLAL;

4.      Exxon Mobil Oil Corporation's Forms 720 Quarterly Federal Excise Tax Return
        for each quarter of taxable years 2008 and 2009, which are located in
        ExxonMobil's electronic files maintained by TLAL and by ExxonMobil's
        Indirect Tax group;

5.      Correspondence with, and documents provided to or from, the Internal Revenue
        Service ("IRS") regarding the issues described in ExxonMobil's Complaint and
        Supplemental Complaint and the Answer and Response filed by the United States,

which are located in ExxonMobil's electronic files maintained by TLAL and/or which have been or will be obtained by ExxonMobil through the discovery process or the Freedom of Information Act;

6.      The contractual agreements, including but not limited to Production Sharing Contracts and Joint Operating Agreements, between ExxonMobil (or its subsidiaries and affiliates) and Petronas and/or Petronas Carigali SDN BHD related to ExxonMobil's (or its subsidiaries and affiliates') exploration, development, production, transportation, processing, storage and marketing of crude oil and natural gas (and their products) in Malaysia, which are located in EMEPMI's electronic files or in EMEPMI's hard-copy files located in its office or in its secured offsite facility;

7.      The contractual agreements, including but not limited to the Development and Fiscal Agreements and Joint Venture Agreements, between ExxonMobil (or its subsidiaries and affiliates) and State of Qatar, Qatar Petroleum, Qatar General Petroleum Corporation, and/or any of the joint ventures formed pursuant to the Joint Venture Agreements related to ExxonMobil's (or its subsidiaries and affiliates') exploration, development, production, transportation, processing, storage and marketing of condensate and  LNG in Qatar, which are located in ExxonMobil's Qatari subsidiaries' electronic files and in hard-copy files maintained in ExxonMobil's Qatari subsidiaries' offices in Qatar;

8.      Financing documents referring to or reflecting capital investments made in Qatar under the various Development and Fiscal Agreements and Joint Venture Agreements, which are located in ExxonMobil's Qatari subsidiaries' electronic files and in hard-copy files maintained in ExxonMobil's Qatari subsidiaries' offices in Qatar;

9.      Any economic models used to analyze the value expected to be derived by ExxonMobil (or its subsidiaries and affiliates) from the investments made in Qatar under the various Development and Fiscal Agreements and Joint Venture Agreements, which are located in ExxonMobil's Qatari subsidiaries' electronic files and in hard-copy files maintained in ExxonMobil's Qatari subsidiaries' offices in Qatar;

10.     Any economic models used to analyze the value expected to be derived by ExxonMobil (or its subsidiaries and affiliates) from the investments made in Malaysia under certain Production Sharing Contracts, which are located in EMEPMI's electronic files or in EMEPMI's hard-copy files located in its office or in its secured offsite facility;

11.     Non-privileged internal memoranda, presentations, and accounting documents referring to or reflecting capital investments made under the various Development and Fiscal Agreements in Qatar, the value of the minerals up to, and including, the point of royalty calculation, and income from the sale of minerals and mineral products, which are located in ExxonMobil's Qatari subsidiaries' electronic files

**EXXON MOBIL CORPORATION'S THIRD AMENDED DISCLOSURES - Page 9**

and in hard-copy files maintained in ExxonMobil's Qatari subsidiaries' offices in Qatar;

12.     Non-privileged internal memoranda, presentations, and accounting documents referring to or reflecting capital investments made under the various Production Sharing Contracts in Malaysia, the value of the minerals up to, and including, the point of royalty calculation, and income from the sale of minerals and mineral products, which are located in EMEPMI's electronic files or in EMEPMI's hard-copy files located in its office or in its secured offsite facility;

13.     The Forms 3115 Application for Change in Accounting Method filed on November 26, 2014 and correspondence with, and documents provided to or from, the IRS regarding such Forms 3115, which are located in ExxonMobil's electronic files maintained by TLAL;

14.     For tax periods ending December 31, 2006, 2007, 2008, and 2009, IRS Forms 4340, Certificate of Assessments, Payments and Other Specified Matters, and IRS Account Transcripts, including the MFTRA-C version, for Form 1120 and Civil Penalty, which are located in ExxonMobil's electronic files maintained by TLAL;

15.     Documents reflecting the treatment of the payments to the State of Qatar and to Petronas on ExxonMobil's financial books for 2006 – 2009, which are located in ExxonMobil's files maintained in hard copy and electronically by EMEPMI and ExxonMobil's Qatari subsidiaries, and which are maintained electronically by TRAC;

16.     The closing agreement between the IRS and ExxonMobil regarding the apportionment of interest under the fair market value methodology for ExxonMobil's 1989–2009 tax years and any exhibits thereto (the "Closing Agreement") and any correspondence with, and documents provided to or from, the IRS regarding the Closing Agreement and documents related to the apportionment of interest expense between U.S. and foreign source income for ExxonMobil's 2006 – 2009 tax years, which are located in ExxonMobil's electronic files maintained by TLAL and TRAC;

17.     IRS documents relating to the penalties at issue in the case, including documents referring to or reflecting the absence of written managerial approval of the penalties, which are located in ExxonMobil's electronic files maintained by TLAL and TRAC and/or which have been or will be obtained by ExxonMobil through the discovery process or the Freedom of Information Act;

18.     IRS documents, including internal IRS communications, regarding the issues described in ExxonMobil's Complaint and Supplemental Complaint and the Answer and Response filed by the United States, which are located in ExxonMobil's electronic files maintained by TLAL and TRAC and/or which have been or will be obtained by ExxonMobil through the discovery process or the Freedom of Information Act; and

**EXXON MOBIL CORPORATION'S THIRD AMENDED DISCLOSURES - Page 10**

19.     Documents produced in discovery by any party.

ExxonMobil reserves the right to identify other documents disclosed during discovery by any party or documents it subsequently determines are relevant to disputed facts in this action.

**C.     A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34, the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

ExxonMobil paid the total tax assessed for taxable years 2006 through 2009 as follows:

| Taxable Year | Tax Paid |
|---|---|
| 2006 | $3,695,187,422 |
| 2007 | $3,893,091,559 |
| 2008 | $1,741,428,305 |
| 2009 | $  139,912,688 |

By letter dated June 26, 2014, ExxonMobil timely submitted Form 1120X for 2006 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of federal income tax of $264,720,803 plus statutory interest.

By letter dated June 26, 2014, ExxonMobil timely submitted Form 1120X for 2007 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of federal income tax of $297,976,031 plus statutory interest.

By letter dated April 13, 2015, ExxonMobil timely submitted Form 1120X for 2008 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of federal income tax of $652,852,400 plus statutory interest.

By letter dated April 13, 2015, ExxonMobil timely submitted Form 1120X for 2009 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of federal income tax of $138,971,996 plus statutory interest.

ExxonMobil paid the penalties assessed for taxable years 2006 through 2009 as follows:

**EXXON MOBIL CORPORATION'S THIRD AMENDED DISCLOSURES - Page 11**

| Taxable Year | Penalties Paid |
|---|---|
| 2006 | $52,944,161 |
| 2007 | $59,595,206 |
| 2008 | $81,771,720 |
| 2009 | $13,215,459 |

By letters dated September 23, 2016, March 3, 2017 and May 9, 2017, ExxonMobil timely submitted Forms 843 for 2006 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $52,944,161 plus statutory interest.

By letters dated September 23, 2016, March 3, 2017 and May 9, 2017, ExxonMobil timely submitted Forms 843 for 2007 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $59,595,206  plus statutory interest.

By letters dated September 23, 2016, March 3, 2017 and May 9, 2017, ExxonMobil timely submitted Forms 843 for 2008 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $81,771,720 plus statutory interest.

By letters dated September 23, 2016, March 3, 2017 and May 9, 2017, ExxonMobil timely submitted Forms 843 for 2009 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $13,215,459 plus statutory interest.

ExxonMobil seeks damages in the amount of the total of the claims for refund made in Forms 1120X and Forms 843 related to taxable years 2006 through 2009, or $1,562,047,776.00, or such other amount as is legally refundable, plus statutory interest as allowed by law.

**D.     For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable.

**E.     The correct names of the parties to the action.**

ExxonMobil believes the parties are correctly named.

**EXXON MOBIL CORPORATION'S THIRD AMENDED DISCLOSURES - Page 12**

**F.**     **The name and, if known, address and telephone number of any potential parties to the action.**

None.

Dated: October 22, 2018

Respectfully submitted,

THOMPSON & KNIGHT LLP

By: */s/ Emily A. Parker*

 Emily A. Parker
 State Bar No. 15482500
 emily.parker@tklaw.com
 Mary A. McNulty
 State Bar No. 13839680
 mary.mcnulty@tklaw.com
 William M. Katz, Jr.
 State Bar No. 00791003
 william.katz@tklaw.com
 J. Meghan Nylin
 State Bar No. 24070083
 meghan.nylin@tklaw.com
 Leonora S. Meyercord
 State Bar No. 24074711
 Lee.Meyercord@tklaw.com

1722 Routh Street, Suite 1500
Dallas, Texas  75201
 (214) 969-1700
FAX (214) 969-1751

MILLER & CHEVALIER, CHARTERED

 Kevin L. Kenworthy
 D.C. Bar No. 414887
 kkenworthy@milchev.com
 George A. Hani
 D.C. Bar No. 451945
 ghani@milchev.com
 Andrew L. Howlett
 D.C. Bar No. 1010208
 ahowlett@milchev.com

900 16th Street NW
Washington, D.C. 20006
(202) 626-5800
FAX (202) 626-5801

**ATTORNEYS FOR PLAINTIFF
EXXON MOBIL CORPORATION**

## CERTIFICATE OF SERVICE

I certify that on October 22, 2018, a true and correct copy of the foregoing document was served via e-mail on the following counsel of record:

CORY A. JOHNSON
Senior Litigation Counsel
U.S. Department of Justice
P.O. Box 26
Washington, D.C. 20044

JONATHAN L. BLACKER
JOSHUA D. SMELTZER
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201


*/s/ J. Meghan Nylin*
J. Meghan Nylin

# EXHIBIT 1-F

THOMPSON & KNIGHT LLP

ATTORNEYS AND COUNSELORS

WILLIAM M. KATZ, JR.
DIRECT DIAL: (214) 969-1330
EMAIL: William.Katz@tklaw.com

ONE ARTS PLAZA
1722 ROUTH STREET • SUITE 1500
DALLAS, TEXAS  75201
214.969.1700
FAX 214.969.1751
www.tklaw.com

AUSTIN
DALLAS
FORT WORTH
HOUSTON
LOS ANGELES
NEW YORK
―――――
ALGIERS
LONDON
MÉXICO CITY
MONTERREY
PARIS

October 15, 2018

**VIA E-MAIL**

Cory A. Johnson
Senior Litigation Counsel
U.S. Department of Justice
P.O. Box 26
Washington, D.C. 20044

      Re:    No. 3:16-cv-02921, *Exxon Mobil Corporation v. United States of America,* in the United States District Court for the Northern District of Texas

Dear Cory:

      I write on behalf of Exxon Mobil Corporation ("ExxonMobil") in connection with Defendant's initial disclosures, which were made via the enclosed March 21, 2017 letter.

      To date, Defendant has not supplemented its disclosures as required by Federal Rule of Civil Procedure 26(e)(1).  Accordingly, please supplement Defendant's disclosures no later than Monday, October 22, 2018, to provide all of the information required to be disclosed under Rule 26(a)(1)(A).

      To begin scheduling depositions, ExxonMobil is particularly interested in receiving from Defendant the following information required to be disclosed under Rule 26(a)(1)(A)(i):  "the name, and if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that [Defendant] party may use to support its claims or defenses, unless the use would be solely for impeachment."

      Very truly yours,

      William M. Katz, Jr.

Enclosure
cc:    Jonathan L. Blacker (via e-mail w/ enclos.)
       Joshua D. Smeltzer (via e-mail w/ enclos.)

**EXHIBIT**
1-F



**U.S. Department of Justice**

**Tax Division**

*717 N. Harwood*      *Main Line: 214-880-9721*
*Dallas, Texas 75201*  *Attorney's Direct Line: 202-307-3046*
*Suite 400*           *Fax: 214-880-9741/9774*

DAH:GH:CAJohnson
DJ 5-73-22415
CMN 2017100142

March 21, 2017

*Via Email*

Emily A. Parker
Thompson & Knight LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201

       Re:    *Exxon Mobil Corp. v. United States*
             <u>No. 3:16-cv-02921; N.D. TX</u>

Dear Emily:

      Pursuant to FRCP 26(a)(1)(A), this is to advise you that we have copies of certain documents which Exxon Mobil provided to the IRS during audit that we may use to support our defenses in this case. These include Forms 720, agreements concerning the Malaysian and Qatari transactions, and IDR responses. We also have tax returns and certified transcripts of account for the tax years at issue.

      Additionally, although we do not yet know the identity of individuals likely to have discoverable information that we may use to support our defenses, we believe that employees or former employees of Exxon Mobil and the entities and counter-parties involved in the Malaysian and Qatari transactions may have such information. We anticipate that discovery will reveal those individuals.

      Please do not hesitate to call me if you wish to discuss this further.

                   Sincerely yours,

                   *s/ Cory A. Johnson*

                   CORY A. JOHNSON
                   Senior Litigation Counsel

- 2 -

cc:     Jonathan Blacker
        Joshua Smeltzer
        Kevin Kenworthy
        Bill Katz
        Mary McNulty
        Meghan Nylin
        George Hani

# EXHIBIT 1-G



**U.S. Department of Justice**

**Tax Division**

| | |
|---|---|
| *717 N. Harwood* | *Main Line: 214-880-9721* |
| *Dallas, Texas 75201* | *Attorney's Direct Line: 214-880-9735* |
| *Suite 400* | *Fax: 214-880-9741/9774* |

REZ:CEM:JDS:as
DJ 5-73-22415
CMN 2017100142

October 22, 2018

*Sent Via Email*

William M. Katz, Jr.
Thompson & Knight LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201

Re:   Exxon Mobil Corporation v. United States
      Case No. 3:16-cv-02921-N US DC ND Texas, Dallas Div.

Dear Mr. Katz:

We received your October 15, 2018 letter regarding initial disclosures. As you are aware, supplemental disclosures are only required insofar as additional or corrective information has not otherwise been made known to the other parties during the discovery process. FRCP 26(e)(1)(A).

We believe that our initial disclosures and current production of documents include all the necessary disclosures under the rules and do not require formal supplementation. If necessary, the United States will supplement its disclosures if any additional or corrective information is not otherwise made known during discovery.

Sincerely yours,

JOSHUA D. SMELTZER
Trial Attorney
U.S. Department of Justice – Tax Division
Civil Trial Section - Southwestern Region

cc: Cory Johnson, Jonathan Blacker, Elizabeth Kanyer, Mary McNulty, Emily Parker, Meghan Nylin, Lee Meyercord

**EXHIBIT**
1-G