IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EXXON MOBIL CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CIVIL ACTION NO. 3:16-cv-2921-N |

**PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO FILE A SURRPELY AND SUPPORTING APPENDIX OR, IN THE ALTERNATIVE, MOTION TO STRIKE DEFENDANT'S NEW ARGUMENT AND NEW EVIDENCE, BRIEF IN SUPPORT, AND REQUEST FOR EXPEDITED BRIEFING SCHEDULE**

Defendant's Reply ("Reply") in Support of Its Motion for Partial Summary Judgment on the Qatar/Malaysia Oil and Gas Lease Issue ("Defendant's MPSJ") contains new evidence supporting two new arguments that were not made in Defendant's MPSJ. Accordingly, Plaintiff Exxon Mobil Corporation ("ExxonMobil") files this Emergency Motion for Leave to File a Surreply and Supporting Appendix or, in the Alternative, Motion to Strike Defendant's New Arguments and New Evidence ("Motion for Leave"). Without an expedited briefing schedule and emergency consideration, the briefing on this Motion for Leave will not be complete until June 17, 2019, the first day of trial.[1] ExxonMobil should be permitted to file a surreply brief and

---

[1] ExxonMobil proposes the following expedited briefing schedule: Defendant should file its response to the Motion for Leave no later than May 16, 2019. ExxonMobil should file its reply no later than May 17, 2019. This would allow the Motion for Leave to be ripe for adjudication as early as May 17, 2019. ExxonMobil is prepared to file a surreply and supporting appendix regarding Defendant's MPSJ as early as May 20, 2019. ExxonMobil further proposes that the surreply not exceed 10 pages, exclusive of the signature block and any table of contents or table of authorities

supporting appendix addressing the new evidence and arguments in Defendant's Reply, before the Court considers ruling on Defendant's MPSJ.  Alternatively, the Court should strike the new evidence and arguments made in Defendant's Reply.  Several reasons support granting this Motion.

*First*, Defendant submitted new evidence with its Reply, which violates this Court's rule prohibiting the filing of new evidence with a summary-judgment reply absent leave of court: "[A] summary judgment movant may not, as of right, file an appendix in support of his reply brief." *Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001) (Fitzwater, J.); *see also Greene v. Toyota Motor Corp.*, 3:11-CV-207-N, 2014 WL 12575962, at *1 (N.D. Tex. May 7, 2014) (Godbey, J.) ("A movant may not submit, and the Court will not consider, new evidence with a reply brief."); *Lewis v. Sw. Airlines Co.*, 3:16-CV-1538-M, 2017 WL 879225, at *3 (N.D. Tex. Mar. 6, 2017) (Lynn, C.J.) ("It is generally improper for a party to introduce new evidence at the reply stage of a motion proceeding." (citing N.D. Tex. L.R. 7.2(e) (appendix may accompany a motion or response))).  Indeed, "a reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond." *Lewis*, 2017 WL 879225, at *3.  Accordingly, a party "must seek leave of court to file a reply appendix."  *Dethrow*, 204 F.R.D. at 104.[2]

---

[2] Additionally, "leave to file new evidence in support of a reply will be granted only in limited circumstances." *Lewis*, 2017 WL 879225, at *3; *see also State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, 3:16-CV-2255-L, 2019 WL 1436659, at *26 (N.D. Tex. Mar. 31, 2019) (because leave is rarely granted, "even if Plaintiff had sought leave to file new evidence in support of its reply, the request likely would have been denied").  When a party fails to obtain leave of court when required to do so, the improperly filed document has no legal effect.  *See U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) ("[F]ailing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no legal effect.").

Notwithstanding this Court's rule, Defendant filed two new exhibits with its Reply and did not first seek and obtain leave of court to do so. *See* Dkt. No. 187-1.[3]

***Second***, Defendant's Reply relies on the new evidence to support two new arguments that were not included in Defendant's MPSJ and to which ExxonMobil has had no opportunity to respond. The first argument concerns the variance doctrine that Defendant raises to avoid addressing the merits of ExxonMobil's alternative purchase argument under 26 U.S.C. § 197, which ExxonMobil raised in its response to Defendants MPSJ. *See* Reply at 20–21. Since ExxonMobil submitted its first informal refund claim relating to the Qatari and Malaysian transactions in 2011 and 2012, respectively, ExxonMobil has consistently taken the position in all related documents provided to and communications with the IRS that the payments made under the DFAs and PSCs were purchases under the Internal Revenue Code as in effect for the 2006—2009 tax years. That includes Section 197, which Congress enacted in 1993. Declaration of William M. Katz, Jr. ¶ 4 (App.002); Ex. 1-D, December 14, 2018 Letter from Emily Parker to Cory Johnson (App.015–17).

Contrary to Defendant's assertion, section 197 is not a "new" argument. *Id.* at 20. Rather, the parties have engaged in extensive discovery and communications regarding section 197 since at least October 2018. *See, e.g.*, Ex. 1-A, ExxonMobil's Objection and Response to Defendant's Interrogatory No. 21, ("ExxonMobil purchased intangible property under Section 197.") (App.006); Ex. 1-B, November 1, 2018 Letter from Johnson to Parker (asking ExxonMobil to clarify its statement regarding Section 197) (App.012); Ex. 1-C, November 7, 2018 Letter from Parker to Johnson (discussing Section 197) (App.014). Although Defendant

---

[3] There is no excuse for Defendant's failure to seek leave of court before filing the two new exhibits. These exhibits have been in Defendant's possession since July 2018 and January 2019, well before Defendant filed its MPSJ on April 2, 2019. *See* Dkt. No. 187-1 (App.4113, 4121).

has sought discovery from and exchanged communications with ExxonMobil about section 197, Defendant intentionally chose not to address section 197 or the variance doctrine in its MPSJ, which has prevented ExxonMobil from responding.  This is improper.  *Greene*, 2014 WL 12575962, at *1 ("[A reply brief] is not an opportunity to submit evidence or make arguments not previously raised in the opening brief.").

Defendant's second new argument concerns application of the economic interest test and how ExxonMobil's domestic U.S. mineral leases may impact that test.  *See* Reply at 6 n.5 (citing App.4116).  Defendant did not address ExxonMobil's domestic mineral leases or how they allegedly support Defendant's economic interest arguments in its MPSJ filed on April 2 and improperly made these arguments for the first time in its Reply.  *Greene*, 2014 WL 12575962, at *1.

***Finally***, when a party makes new arguments in and files new evidence with a reply brief, the Court may (1) permit the filing of a surreply, or (2) strike the new evidence and new arguments.  *See, e.g.*, *Petro-Hunt, L.L.C. v. Williams–Southern Co., L.L.C.*, 3:13-CV-01588-P, 2013 WL 12137150, at *1 (N.D. Tex. Nov. 8, 2013) ("While Plaintiff asks the Court to strike Defendant's Reply because the Reply 'contains both new argument and new evidence,' the Court instead finds it appropriate to grant leave for Plaintiff to file a surreply," which "avoids palpable injustice by allowing the nonmovants a chance to respond"); *White v. City of Red Oak, Texas*, 3:13-CV-4477-P, 2014 WL 11460871, at *1 (N.D. Tex. July 31, 2014) ("When new arguments are raised, a court may strike the evidence or arguments or it may grant the opposing party leave to file a Sur-reply.").  ExxonMobil believes that the most appropriate way to address Defendant's new arguments and evidence is to grant ExxonMobil leave to file a surreply brief and supporting

appendix.[4]  However, if the Court is not inclined to grant ExxonMobil leave to file a surreply and supporting evidence, Defendant's new evidence and arguments should be stricken from the record and not considered for purposes of Defendant's MPSJ.[5]

For these reasons, ExxonMobil respectfully requests that the Court (1) grant ExxonMobil leave to file a surreply with a supporting appendix in opposition to Defendant's MPSJ, or alternatively (2) strike Defendant's new arguments and new evidence in the Reply and related appendix.

---

[4] An appendix is necessary to refute Defendant's new evidence regarding what ExxonMobil did, or did not, include in its administrative refund claim.

[5] Specifically, the Court should strike Exhibit 87 and Exhibit 88 from Defendant's evidence and footnote 5 and section V from Defendant's Reply.

Respectfully submitted,

THOMPSON & KNIGHT LLP

By: _____
    Emily A. Parker
    Texas Bar No. 15482500
    emily.parker@tklaw.com
    Mary A. McNulty
    Texas Bar No. 13839680
    mary.mcnulty@tklaw.com
    William M. Katz, Jr.
    Texas Bar No. 00791003
    william.katz@tklaw.com
    J. Meghan Nylin
    Texas Bar No. 24070083
    meghan.nylin@tklaw.com
    Leonora S. Meyercord
    Texas Bar No. 24074711
    lee.meyercord@tklaw.com
    Dina McKenney
    Texas Bar No. 24092809
    dina.mckenney@tklaw.com
1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 969-1700
FAX (214) 969-1751

MILLER & CHEVALIER, CHARTERED

    Kevin L. Kenworthy
    D.C. Bar No. 414887
    kkenworthy@milchev.com
    George A. Hani
    D.C. Bar No. 451945
    ghani@milchev.com
    Andrew L. Howlett
    D.C. Bar No. 1010208
    ahowlett@milchev.com
900 16th Street NW
Washington, D.C. 20006
(202) 626-5800
FAX (202) 626-5801

**ATTORNEYS FOR PLAINTIFF
EXXON MOBIL CORPORATION**

## CERTIFICATE OF CONFERENCE

Pursuant to Northern District of Texas Local Civil Rule 7.1, I certify that I called Cory Johnson, counsel for Defendant, around 9:30 a.m. CDT on May 13, 2019, to confer about this motion. Because Mr. Johnson did not answer the phone, I left a voicemail asking him to return my call. When he had not done by 11:48 a.m. CDT, I sent a detailed email to Mr. Johnson and his co-counsel for Defendant, Jonathan Blacker and Elizabeth Kanyer, explaining the relief requested in this motion, providing citations to applicable caselaw, and informing them that ExxonMobil intended to file this motion today on an emergency basis. Counsel for Defendant has not responded to my voicemail or my email. Due to the emergency nature of this motion, it was not possible to wait to file the motion. Accordingly, the motion is submitted as opposed. *See* L.R. 7.1(b)(3).

/s/ *J. Meghan Nylin*
J. Meghan Nylin

024645.000015 22330108.8