# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| EXXON MOBIL CORPORATION,  Plaintiff,  v.  UNITED STATES OF AMERICA,  Defendant. | CIVIL ACTION NO. 3:16-cv-2921-N |

## PLAINTIFF EXXON MOBIL CORPORATION'S RULE 52(B) MOTION FOR ADDITIONAL FINDINGS

The Court conducted a bench trial on the substantive tax issues on June 19-21 and 24, 2019.[1] On February 24, 2020, the Court entered its Findings of Fact and Conclusions of Law (the "Decision") on the substantive tax issues and directed "the parties to file any request for additional findings under Rule 52(b) within twenty-eight (28) days of the date of this Order," or by March 23, 2020. Decision at 25 [Dkt. 276]. Accordingly, ExxonMobil requests the additional findings discussed below.

Factual findings help an appellate court review a district court's decision. *See Matter of Tex. Extrusion Corp.*, 836 F.2d 217, 220 (5th Cir. 1988). Thus, findings of fact should be

---

[1] On March 22, 2019, the Court granted ExxonMobil's motion to bifurcate and scheduled a June 2019 trial on the substantive tax issues and a November 2019 trial on the penalty issues. [Dkt. 149.] The Court later stayed all matters in this case "pending resolution of the first phase bench trial." [Dkt. 268.] Now that the Court has issued its decision, the parties must address the penalty issues and are conferring about a proposed schedule. If the parties cannot reach an agreement, they will ask the Court to set an appropriate schedule.

sufficiently detailed to permit the appellate court to obtain "a full understanding of the issues on appeal." *Chandler v. City of Dallas*, 958 F.2d 85, 90 (5th Cir. 1992) (quoting *Tex. Extrusion*, 836 F.2d at 221); *see* 9C CHARLES ALAN WRIGHT ET AL. FEDERAL PRACTICE AND PROCEDURE § 2582 (3d ed.) ("The primary purpose of Rule 52(b) is to enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court as a basis for the conclusions of law and the judgment entered thereon."); *see also In re Cantera Dorado, Inc.*, 512 B.R. 126, 129 (D.P.R. 2014) (noting that Rule 52(b) permits a court "to 'amplify or expand' [its] initial factual findings in order to improve the appellate court's review of the record" (quoting *Nat'l Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial, Inc*., 899 F.2d 119, 122 (1st Cir. 1990))). Consistent with these principles, ExxonMobil requests the additional findings below to provide the appellate court with a more thorough understanding of the facts underlying the Decision.

1. The DFAs expressly grant numerous rights to the JVCos, including the rights to build, own, and operate transportation, storage, processing, liquefaction, and marketing facilities and businesses to manufacture, export, and deliver LNG, condensates, and LPG, and other petroleum byproducts to the international market.[2]

2. The amount of production under the DFAs was defined by and subject to a ceiling.[3]

---

[2] *See* PTX 040/J006-0022-0024 (RL1 DFA); PTX 051/J011-0011-0014 (RL2 DFA); PTX 077/J013-0007-0012 (RL3 DFA); PTX 061/J019-0017-0029 (Sponsors' DFA); PTX 095/J016-0007-0012 (QG2 DFA); 1 Tr. 57:20-59:18, 62:16-63:1, 74:1-75:22 (Billings).

[3] *See* PTX 040/J006-0022, 0024-0025 (RL1 DFA); PTX 042/J008-0014-0016, 0018-0019 (RL1 Second Amended and Restated DFA); PTX 051/J011-0011-0012, 0014 (RL2 DFA); PTX 061/J019-0017, 0020-0021 (Sponsors' DFA); PTX 063-0017-0018, 0020-0021 (Sponsors' Amended and Restated DFA); 1 Tr. 57:20-58:4, 74:1-75:16 (Billings); *See* PTX 077/J013-0007-0009 (RL3 DFA); PTX 095/J016-0007-0009 (QG2 DFA); 1 Tr. 57:20-58:4, 74:1-75:16, 75:23-76:13 (Billings).

3. Under the PSCs, ExxonMobil obtained various rights, including the rights to transport, process, store, and market oil and gas from offshore Malaysia.[4]

4. If the JVCos or ExxonMobil breach their obligations under the DFAs or PSCs, SOQ and Petronas may recover damages.[5] For example, if ExxonMobil fails to build the facilities to manufacture LNG, SOQ may still recover damages from ExxonMobil, even though there is no production.[6]

5. The JVCos' onshore activities, which are all well beyond the point of extraction, constitute the overwhelming majority of each JVCo's total capital investment.[7] ExxonMobil invested $15 billion in the onshore facilities and $5 billion in the offshore facilities, and only a portion of the $5 billion was necessary for extraction of the gas.[8]

6. Most of the JVCos also made significant post-extraction investments in large insulated LNG ships that enabled them to transport the LNG to international markets.[9]

---

[4] *See* PTX 185-0047 (1976 PSC); PTX 192/J021-0018, 0027 (PM5 PSC); PTX 199/J026-0018, 0027 (PM8 PSC); PTX 221/J034-0013, 0072-0073 (Amended NGPSA); PTX 215/J032-0020, 0027 (1995 PSC); PTX 209/J029-0021, 0033 (PM9 PSC); PTX 222/J036-0021, 0045 (GPSC); PTX 229/J039-0016, 0026-0027 (2008 PSC); 2 Tr. 45:5-46:7 (Dingle).

[5] *See* PTX 040/J006-0050-0051 (RL1 DFA); PTX 051/J011-0028-0029 (RL2 DFA); PTX 077/J013-0036-0037 (RL3 DFA); PTX 061/J019-0040-0041 (Sponsors' DFA); PTX 095/J016-0038-0039 (QG2 DFA); Malaysia Contracts Act of 1950, Sections 74, 76 (Dkt. 163, Exhibit 3); PTX 215/J032-0095-0098 (1995 PSC); PTX 229/J039-0076 (2008 PSC); PTX 222/J036-0137 (GPSC); PTX 192/J021-0091-0094 (PM5 PSC); PTX 199/J026-0091-0094 (PM8 PSC); PTX 209/J029-0121-0124 (PM9 PSC).

[6] *See* PTX 040/J006-0050-0051 (RL1 DFA); PTX 051/J011-0028-0029 (RL2 DFA); PTX 077/J013-0036-0037 (RL3 DFA); PTX 061/J019-0040-0041 (Sponsors' DFA); PTX 095/J016-0038-0039 (QG2 DFA).

[7] *See* 2 Tr. 128:19-130:13 (Carpenter); PTX 500, slide 1; 1 Tr. 56:15-18; 65:21-66:3 (Billings).

[8] *See* 2 Tr. 128:19-130:13 (Carpenter).

[9] *See* PTX 040/J006-0022-0023 (RL1 DFA); PTX 051/J011-0012-0013, 0015 (RL2 DFA); PTX 077/J013-0010-0012 (RL3 DFA); PTX 061/J019-0018, 0023 (Sponsors' DFA); PTX 095/J016-0010, 0012 (QG2 DFA); 1 Tr. 56:15-18, 58:5-25, 70:6-13, 71:4-15 (Billings); 1 Tr. 115:4-13; 2 Tr. 13:15-16:22 (Sibal); PTX 499, slides 20-25; 2 Tr. 98:22-99:13 (McGill).

7. On a dollars-per-MMBtu basis during 2006-2009, the JVCos' average LNG revenues from sales to international markets were more than seventeen times higher than the Al Khaleej gas project's average gas revenues from sales to the domestic Qatari market.[10] The domestic gas was sold after transportation and processing and without liquefaction, so more than 94% of the LNG revenues were attributable to liquefaction.[11]

For the reasons given above, ExxonMobil respectfully requests that the Court enter these additional findings under Rule 52(b).

---

[10] PTX 500, slide 20.

[11] *See* 2 Tr. 157:18–23 (Carpenter); PTX 500, slide 20.

    Respectfully submitted,

    THOMPSON & KNIGHT LLP

    */s/ Emily A. Parker*

    Emily A. Parker
    Texas Bar No. 15482500
    emily.parker@tklaw.com
    Mary A. McNulty
    Texas Bar No. 13839680
    mary.mcnulty@tklaw.com
    William M. Katz, Jr.
    Texas Bar No. 00791003
    william.katz@tklaw.com
    J. Meghan Nylin
    Texas Bar No. 24070083
    meghan.nylin@tklaw.com
    Leonora S. Meyercord
    Texas Bar No. 24074711
    lee.meyercord@tklaw.com
    Richard B. Phillips, Jr.
    State Bar No. 24032833
    rich.phillips@tklaw.com
    Dina McKenney
    Texas Bar No. 24092809
    dina.mckenney@tklaw.com

    1722 Routh Street, Suite 1500
    Dallas, Texas 75201
    (214) 969-1700
    FAX (214) 969-1751

    MILLER & CHEVALIER, CHARTERED

    Kevin L. Kenworthy
    D.C. Bar No. 414887
    kkenworthy@milchev.com
    George A. Hani
    D.C. Bar No. 451945
    ghani@milchev.com
    Andrew L. Howlett
    D.C. Bar No. 1010208
    ahowlett@milchev.com

> 900 16th Street NW
> Washington, D.C. 20006
> (202) 626-5800
> FAX (202) 626-5801
>
> **ATTORNEYS FOR PLAINTIFF**
> **EXXON MOBIL CORPORATION**

## CERTIFICATE OF CONFERENCE

On March 18, 2020, I conferred with Defendant's counsel, who informed me that Defendant is opposed to the relief requested in this motion. The parties will notify the Court if they subsequently are able to reach an agreement on any additional findings proposed in this motion.

> */s/ J. Meghan Nylin*
> J. Meghan Nylin